1815.

Brown
vs
Warram

T. *Buchanan* and *Magruder*, for the Appellee, referred to *Ware* vs. *Harwood*, 14 *Ves.* 31. *Cook* vs. *Jones*, 2 *Cowp.* 727. *Cooper's Plead.* 58, 60, 88, 89. *Ord on Usury*, 90, 92, 96. *Pollard* vs. *Scoly*, *Cro. Eliz.* 25. *Partridge* vs. *Dorsey's Lessee*, (ante 302.) *Moses* vs. *Macferlan*, 2 *Burr.* 1009. *Bateman* vs. *Willac*, 1 *Sch. & Lef.* 201. *M'Vickar* vs. *Wolcott*, 4 *Johns. Rep.* 510. *Le Guen* vs. *Gouverneur*, 1 *Johns. Cas.* 436, 487. *Anonymous*, 2 *Ves.* 622. *Marriott* vs. *Hampton*, 7 *T. R.* 265. *Ramden* vs. *Jackson*, 1 *Atk.* 293. *Willams* vs. *Lee*, 3 *Atk.* 224. *Contee* vs. *Cooke*, 1 *Harr. & Johns.* 179; and *Laning* vs. *Eddy*, 1 *Johns. Chan. Rep.* 49.

———————

JUNE (E. S.)                    BROWN *vs.* WARRAM.

In an action of *assumpsit* against one, on a joint promissory note made by himself, and another, he cannot, to defeat the action, rely on the note being joint. If he intended to avail himself of that circumstance, he ought to have pleaded it in abatement

ERROR to *Queen Anne's* County Court. This was an action of *assumpsit* on a promissory note. The defendant (now defendant in error,) pleaded *non assumpsit*, and issue was joined. At the trial the plaintiff, (now plaintiff in error,) produced in evidence the following promissory note,

1815.

Brown
vs
Warram

to wit: "*Baltimore*, May 30th, 1810. For value received, we promise to pay *Hiram Brown*, or to his heirs or assigns, the sum of one hundred and eighty dollars, on or before the 1st day of June 1811, with legal interest from the above date.

Witness            *Lewis Bruen.*
*S. Wilmer.*"      *William Warram.*

And produced the subscribing witness *Simon Wilmer*, who proved the execution and delivery of the said note by the defendant. The defendant then prayed the court to instruct the jury, that the evidence offered by the plaintiff was not sufficient to sustain his action. Which direction the Court, [*Purnell* and *Worrell*, A. J.] accordingly gave. The plaintiff excepted; and the verdict and judgment being against him, he brought a writ of error to this court.

The cause was argued before BUCHANAN, JOHNSON, and MARTIN, J.

*Chambers*, for the Plaintiff in error, cited *Blackwell vs. Ashton*, *Allyn*, 21. *Holdwick vs. Chase*, *Ibid* 42. *Putt vs. Vincent*, 1 *Vent.* 76, 77. *Putt vs. Nosworthy*, *Ibid* 135, 136. *Boson vs. Sandford*, *Skin.* 280. *S. C.* 2 *Salk.* 440, *S. C. Carthew*, 58. *Bull. N. P.* 158. *Rees vs. Abbot*, 2 *Cowp.* 832. *Rice vs Shute*, 5 *Burr.* 2611. *Cabill vs. Vaughan*, 1 *Saund.* 291, (note 4.) *Abbot vs. Smith*, 2 *W. Blk. Rep.* 947. *Wright vs. Hunter*, 1 *East*, 20. *Govett vs. Radnidge*, 3 *East*, 68, 69. *Harrison vs. Jackson*, 7 *T. R.* 206. *Scott vs. Goodwin*, 1 *Bos. & Pull.* 72. *Robinson vs. Fisher*, 3 *Caine's Rep.* 99; and *Brown vs. Belches*, 1 *Wash. Rep.* 9.

*Carmichael*, for the Defendant in error, cited 5 *Bac. Ab.* 691. *Hill vs. Aland*, 1 *Salk.* 215. *Bull. N. P.* 145, 152, 274; and *Leglise vs. Champante*, 2 *Stra.* 820.

JOHNSON, J. The defendant could not, to defeat the action on the general issue, rely on the note being joint, but if he intended to avail himself of that circumstance he ought to have pleaded it in abatement. For the note being joint did not prove that the defendant had not assumed, and assumed, although another also assumed; there was no variance of course between the *allegata* and *probata*.

JUDGMENT REVERSED, &c.