E. M. CRUZEN *vs.* THOMAS J. McKAIG.

*Pleas in Abatement and in Bar—Covenant to pay Rent by a Married Woman under the Act of 1867, ch. 223—Joint and Several Covenants—Art. 49, secs. 2 and 10, of the Code—1870, ch. 329—Lease containing a Covenant to pay Rent, offered in Evidence.*

McK. sued C. on a covenant in an indenture between McK. and C. and J., whereby McK. leased to J. and C. a room for the term of three years, at the annual rent of $600, payable quarterly in each year of the term. The *narr.* alleged, that C., on her part, for herself, covenanted and agreed, to and with McK. to pay said rent of $600 per year, quarterly, as above stated; and that by virtue of the demise, J. and C. entered upon, used and occupied the demised premises, for the term mentioned in the lease. The breach assigned, was that C. failed to pay for two years of the term, contrary to the requirement of the covenant of C. in that behalf made. C. pleaded two pleas in abatement. By the first it was alleged, that C. at the time of suing out the writ, was, and still is married to one J. R. C., who is still living at the county aforesaid, wherefore, because her said husband was not joined, she prayed judgment, &c. By the second plea, it was alleged that the supposed indenture in the *narr.* mentioned, if any such, was made by C. jointly with J., who was still living at the county aforesaid, and not by C. alone; and because J. was not joined in the action, she prayed judgment, &c. To these pleas McK. demurred, and the Court below ruled the first plea bad, and the second good. McK. then filed three several replications to C's second plea in abatement. And to the first and second of these replications, C. joined issue, and to the third she demurred; and which demurrer was overruled by the Court below. After the Court below had overruled this last demurrer, C. under leave to amend, filed two several pleas in bar of the action. The plea was, that there was a former recovery against J., co-lessee with C., for the rent sued for in this action. And she averred, that by reason of the matters and things set forth in this plea, she was fully discharged and released from all liability for the rent sued for in this action. In the second plea, it was averred, that C. was, at the time of accepting the lease, and making the covenant, and

Cruzen *vs.* McKaig.

still is a married woman; and that, at the time, of accepting the lease, she and J. were engaged as partners in trade, and that the supposed indenture and covenant was made by her and J. jointly, as such partners, and for the use and benefit of said partnership; that she then was, and still is incapable in law to enter into a contract of partnership, or to make a contract for the use or benefit of such partnership, of all of which McK. had notice; and that, by reason of the premises, the supposed indenture was utterly null and void, as to C. To these pleas McK. demurred, and the Court below sustained the demurrer. HELD:

1st. That the first plea in abatement was properly ruled bad, as since the Act of 1867, ch. 223, the action could be maintained against C. without joining her husband; nor did the fact that the lease was made to C. with J. affect her power to bind herself by covenant running with or relating to the estate demised, the same as if she were a *feme sole.*

2nd. That the second plea in abatement should have been ruled bad, as it was defective for want of certainty in its averments. It should have been specific in referring to the covenant sued on, and have averred, that it was the joint covenant of C., and another not joined in the action.

3rd. That these pleas in abatement, notwithstanding it appeared that issue was joined on the first and second replications to the second plea, were effectually waived by the pleas in bar, and could not be resumed, as matters in abatement and in bar could not be pleaded together.

4th. That the first plea in bar was properly ruled bad, as according to the averment in the *narr.* the covenant sued on, was several, and there was nothing averred or disclosed in the plea to the contrary, and if it be assumed that the covenant was joint and several, or was only joint, the plea was, in such view, bad, under Art. 49, sec. 10; that Art. 49, sec. 2, of the Code, as amended by the Act of 1870, ch. 329, had no application to this case.

5th. That the second plea in bar was properly ruled bad, as C. contracted as she was empowered to do by the Act of 1867, ch. 223, no matter whether the premises leased were or were not used for co-partnership purposes by her and J.

After the ruling upon the demurrers, and upon inquiry before the jury as to the extent of the damages sustained by McK., he offered in evidence the lease containing the covenant sued on, which was

as follows: And the said J. and C. on their part, each for himself, herself, covenant that they will pay said rent of $600 per year, quarterly, as above stated. C. objected to the introduction of the lease and covenant, upon the ground of variance between the obligation in the *narr.* and the proof. HELD:

That the objection was properly overruled, as, if the covenant was not entirely several, it was joint and several, in which case, action could be brought against one only; but even if it be assumed that the covenant were only joint, still, there was no ground for rejecting the evidence offered, as the objection raised could only be taken advantage of by plea in abatement.

APPEAL from the Circuit Court for Allegany County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, ALVEY and MAGRUDER, J., for the appellee, and submitted for the appellant.

*R. H. Gordon,* and *J. H. Gordon,* for the appellant.

*William Walsh,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

The questions involved in this case are mostly of a technical character, and for their decision recourse must be had to the established rules of good pleading.

The declaration contains but a single count, and that is founded upon what is denominated therein to be a certain *indenture* made between the plaintiff, of the one part, and the defendant, and a certain J. S. Johnson, of the other part, whereby the plaintiff leased to the said Johnson and the defendant a certain room, in the City of Cumberland, for the term of three years, at the annual rent of $600, payable quarterly in each year of the term. It then alleges that the defendant, " on her part, *for herself,*

Cruzen *vs.* McKaig.

covenanted and agreed, to and with the said plaintiff, to pay said rent of six hundred dollars per year, quarterly, as above stated." The plaintiff further alleges that, by virtue of the demise, Johnson and the defendant entered upon, used and occupied the demised premises, for the term mentioned in the lease; and the breach assigned is, that the defendant has failed to pay the rent for two years of the term, contrary to the requirement of the covenant of the defendant in that behalf made.

It will be observed, that the covenant for the payment of the rent is alleged to be, and is sought to be enforced as, the *several* covenant of the defendant, notwithstanding the lease was made to the defendant and one Johnson. Hence the case does not fall within the principle of the cases of *Merrick vs. Bank of the Metropolis*, 8 *Gill*, 59; *State vs. Wheeler*, 14 *Md.*, 108, and *Kent vs. Holliday*, 17 *Md.*, 387, wherein it was held, that, in an action against one alone, if the *declaration discloses* that the contract sued on was the *joint* contract of the defendant and another, it is necessary to aver that the other party is dead, non-resident, or to account for his not being joined in the action; otherwise the declaration would be bad on demurrer or writ of error. Here the declaration makes no such disclosure, and therefore the principle of those cases has no application to this case.

The declaration being free of objection in this respect, the defendant pleaded two pleas in abatement. By the first, it is alleged that the defendant, at the time of suing out the writ, was, and still is, married to one J. R. Cruzen, who is still living at the county aforesaid, wherefore, because her said husband is not joined, she prays judgment, &c.

And by the second plea, it is alleged that the *supposed indenture* in the declaration mentioned, if any such, was made by the defendant *jointly* with one J. S. Johnson, who is still living at the county aforesaid, and not by the

defendant alone; and because said Johnson is not joined in the action, she prays judgment, &c.

To these pleas the plaintiff demurred, and the Court ruled the first plea bad, and the second good. The plaintiff then filed three several replications to the defendant's second plea in abatement. And to the first and second of these replications the defendant joined issue, and to the third she demurred; and which demurrer was overruled by the Court.

We think both of the pleas in abatement should have been ruled bad on demurrer.

The Court was clearly right in so ruling in respect to the first of those pleas, under the Act of 1867, ch. 223, and the case of *Worthington vs. Cook,* 52 *Md.,* 297. In the case just referred to, it was expressly held, that an action at law, on a covenant for the payment of rent, for real estate or chattels real, leased to a married woman, since the Act of 1867, could be maintained against her; and that it was error to join the husband as a co-defendant, unless he had joined in the covenant with the wife. In this case, the fact that the lease was made to the *feme covert,* together with another person, could in no way affect her power to bind herself by covenant running with or relating to the estate demised, " the same as if she was a *feme sole."* It is not in her character of *feme covert* that she contracts under the statute, but as she could do if she were *feme sole.*

With respect to the second plea in abatement, that is defective for want of certainty in its averments, and should also have been ruled bad. In all dilatory pleas, as they tend to delay the trial of the case on its merits, great accuracy and precision are required; and while pleas in bar may be good if they be certain to a common intent, every dilatory plea must be certain to every intent. *Bac. Abr., tit. Abatement, (O ;) Hixon vs. Binns,* 3 *T. R.,* 185; 1 *Chitty Pl.,* (16th *Ed.,*) 473. In this second plea, there

is a failure to allege that the particular covenant sued on was the joint covenant of the defendant and another, not joined in the suit ; but the allegation is simply, that the supposed indenture, in the declaration mentioned, was made by the defendant jointly with another. Now, what is meant by this averment is far from being clear and precise. If an indenture was simply made or executed jointly by two persons, it by no means follows that it may not contain covenants that are several, or joint and several, as well as covenants that are joint. The plea should have been specific in referring to the covenant sued on, and have averred that it was the joint covenant of the defendant and another not joined in the action ; and not that the instrument containing the covenant was jointly made by them.

But these pleas in abatement, notwithstanding it appears that issue had been joined on the first and second replications to the second plea, were effectually waived and abandoned by what was subsequently done in the progress of the cause. After the Court had overruled the demurrer to the third replication, the defendant, under leave to amend, filed two several pleas in bar of the action. By these pleas all matter of abatement previously pleaded was effectually waived ; for no principle in the system of special pleading is better settled than that you cannot plead together both matters in abatement and in bar ; and that by pleading in bar, all previous pleas in abatement are waived and abandoned, and cannot be again resumed. *Chapman vs. Davis,* 4 *Gill,* 166, 176 ; *Sheppard vs. Graves,* 14 *How.,* 505 ; *Balto. & Ohio R. Co. vs. Harris,* 12 *Wall.,* 65, 84 ; *Steph. Pl.,* 430, 431. But this principle of waiver does not, of course, apply where the matter in abatement has arisen since the commencement of the suit and plea in bar pleaded. In such case, the matter in abatement may be pleaded *puis darrein continuance,* because the pleading in bar only waives such

matter in abatement as existed at the time of pleading in bar, and not matters which may afterwards arise. *Bank U. S. vs. Merchants' Bank,* 7 *Gill,* 415; 1 *Chitty Pl.,* (16*th Ed.,*) 690.

Such, then, being the effect of the pleas in bar upon the previous pleading in abatement, we are brought to consider the sufficiency of the two pleas in bar, upon demurrer thereto.

The first plea is, that there was a former recovery against J. S. Johnson, co-lessee with the defendant, for the rent sued for in this action. It is alleged that "the cause of action sued on in said cause, and the rents so therein claimed and recovered, are the same that are now claimed in this cause, and none other; and that this defendant, at the time of bringing said suit, and at the time of recovering said judgment, was residing in said county, and said judgment is still remaining of record in full force and effect;" and she avers, that, by reason of the matters and things aforesaid, she hath been and is fully discharged and released from all liability for the rent sued for in this action.

In the second plea it is averred, that the defendant was, at the time of accepting the lease, and making the covenant, and still is, a married woman; and that, at the time of accepting the lease, she and J. S. Johnson were engaged as partners in trade, and that the said supposed indenture and covenant was made by her and said Johnson jointly, as such partners, and for the use and benefit of said partnership; that she then was, and still is, incapable in law to enter into a contract of partnership, or to make a contract for the use or benefit of such partnership; of all of which the plaintiff had notice; and that, by reason of the premises, the said supposed indenture is utterly null and void, as to the said defendant.

To both of these pleas the plaintiff demurred, and the demurrer was sustained by the Court.

Cruzen *vs.* McKaig.

As to the first of these pleas, we think the ruling of the Court below was clearly right; for as we have seen, according to the averment in the declaration, the covenant sued on is several, and there is nothing averred or disclosed in the plea to the contrary. But if we assume that the covenant was *joint and several,* or was only *joint,* the former recovery against the one joint covenantor would not operate as a merger or extinguishment of the cause of action, under the statute; but the other joint covenantor would still remain liable to suit, as if their original liability had been joint and several. *Code, Art.* 49, *sec.* 10. The plea wholly fails to aver that the former recovery had been satisfied; and unless such be the case, the former recovery forms no bar to the action against the other joint covenantor. *Code, supra.*

It is insisted, however, that the bringing of this action is in violation of the second section of Article 49 of the Code, as amended by the Act of 1870, ch. 329. This section of the Code, as it now stands, is but the re-enactment of the Act of 1825, ch. 167, sec. 1, with an amendment extending its provisions to actions on promissory notes; and by its terms, it only applies to actions on *joint and several* bonds, promissory notes, penal, or single bills, when the persons executing the same are alive and reside in the same county. For a construction of this section of the statute, see the case of *Blizzard vs. Jacobs,* 3 *G. & J.,* 66. Here the cause of action is a covenant, and therefore that section of the Code has no application.

With respect to the second plea in bar, we think the Court below was equally right in ruling it bad on demurrer.

It is not pretended that the instrument sued on was the contract of co-partnership; nor is it averred that the instrument upon its face shows that the property leased was to be used for partnership purposes, and none other. It may have been used for that purpose, or it may have

been used for any other purpose allowed by law. It is not shown that the lease imposed any restrictions as to the purposes for which the premises might be used by the lessees; and in the absence of such restriction, they were at liberty to use it for any purpose not forbidden by law. There is no policy of the law that forbids the making of such a lease, nor is there any immoral consideration involved. Though the defendant, as a *feme covert,* may be incapable, by reason of her common law disability, of entering into a contract of co-partnership, as decided by this Court, in the case of *Bradstreet vs. Baer,* 41 *Md.,* 19, yet, it by no means follows that she may not take a lease jointly with another. There is no rule of the common law which prevents a lease from being granted to a married woman (*Co. Litt.,* 3a; *Smith L. & T.,* 55,) though she was under disability to bind herself by covenant; but by statute she is enabled, as if she were a *feme sole,* to bind herself by any covenant that runs with or relates to the estate demised (Act, 1867, ch. 223;) and as we have said, there can be no reason why an estate for a term of years, or of greater extent, may not be conveyed to a married woman jointly with another. If the defendant, as a *feme covert,* had purchased, either separately or jointly with another, a house, or any other article of property, intending to use it in conducting a partnership business, there is no principle upon which such purchase could be declared void, because of the intended use of the property. And if the purchase be not void in such case, why should the demise be void in a case like the present? The defendant acquired the property in the mode sanctioned by law, and obligated herself in the form authorized by the statute, as if she were *feme sole.* And while she may not contract in the character of partner, because of her common law disability, she may contract, under the statute, in her individual character, as if she were *feme sole,* and that, too, jointly with another; and it is in this latter

character that she must be taken to have contracted in this case, and not in a character in respect to which she has no contracting power.

Such being the case, there is no analogy between this and the case where a lease is made, and is intended by both the contracting parties, expressly to contravene and to carry into effect that which is prohibited by the law of the land. In such case the Courts will not lend their aid to enforce the contract; and such was the character of the case of the *Gas Light & Coke Co. vs. Turner*, 5 *Bing. N. C.*, 666; *S. C., in Exch. Chamber*, 6 *Bing. N. C.*, 324; and to many others of the same character reference might be made.

After the ruling upon the demurrers, and upon inquiry before the jury as to the extent of the damages sustained by the plaintiff, the latter offered in evidence the lease containing the covenant sued on, which brought before the Court for the first time, the entire instrument, and the covenant of the defendant upon which the suit is sought to be maintained. That covenant is as follows:

" And the said J. Smith Johnson and E. M. Cruzen, on their part, *each for himself, herself,* covenant that they will pay said rent of six hundred dollars per year, quarterly, as above stated."

The defendant objected to the introduction of the lease and covenant, upon the ground of variance between the allegation in the declaration and the proof. The Court overruled the objection, and we think properly so ruled.

If the covenant is not entirely several, it clearly is not simply joint, but is joint and several—the parties *each* for himself and herself, covenanting that *they* would pay the rent. *May vs. Woodward, Freem.*, 248; *Robinson vs. Walker*, 1 *Salk.*, 393; 1 *Wms. Saund.*, 154a, note (*b*.) " And where two persons covenant *jointly and severally*, with another, the covenantee may bring an action against one of the covenantors only, though *their interest in the*

*subject-matter of the covenant be joint;* as where A. lets land to B. and C. and they covenant jointly and severally with the lessor to pay the rent or the like, he may bring an action against either of the covenantors because they are sureties for each other for the due performance of the covenants; and it is as competent for each of them to covenant for the other, as it is for a stranger to covenant for both, which is a usual thing." 1 *Wms. Saund.*, 154, note (1;) *Add. on Contr.*, 967.

But even if we assume that the covenant is only joint, and not joint and several, still, there would be no ground for rejecting the contract of lease, containing the covenant sued on; as the objection raised could *only* be taken advantage of by plea in abatement. The principle has long since been settled, that, in case where two or more are jointly bound by contract, and one only be sued, it is no matter in bar of the action, or ground of demurrer, or in arrest of judgment, that the others are not joined, except where the declaration discloses upon its face that the contract was joint, and the plaintiff fails to show why all the parties jointly liable have not been joined as defendants; nor does it form ground of variance in the evidence upon the trial. *Brown vs. Warram*, 3 *H. & J.*, 572; *Merrick vs. Bank of Metropolis*, 8 *Gill*, 74; *Gilman vs. Rives*, 10 *Pet.*, 300. Though the contract be joint, it is still the contract of the party sued, and recovery may be had against him; and though he be declared against as the only party bound, or as being severally bound, by the contract, if he does not take advantage of the non-joinder by proper plea in abatement, he cannot object to the reception in evidence of the joint contract, upon the ground of variance between the *allegata* and *probata.* This principle was settled in *Whelpdale's Case*, 5 *Co.*, 241, and it has been strictly adhered to in all subsequent cases occurring in the English Courts. 1 *Wms. Saund.*, 291c, note (4,) and note (*f*;) *Richards vs. Heather*, 1 *B. & Al.*,

29; *Mountstephen vs. Brook, Id.*, 224; *Cocks vs. Brewer,* 11 *M. & W.*, 51.

The question raised on the second bill of exception taken by the defendant is the same as that raised by her second plea in bar; and as we have already considered that question upon the demurrer to the plea, we shall say nothing more in regard to it, in disposing of this exception.

Upon review of the whole record we find nothing to require reversal, and we must therefore affirm the judgment.

*Judgment affirmed.*

