## WILLIAM L. CARROLL vs. D. K. ESTE FISHER.

*Verdict on Single Count—Not Required by Prayer.*

That the court directed the jury to find for the defendant on the first of the two counts in the declaration did not necessitate the finding of a separate verdict on such count, or invalidate a general verdict for plaintiff, the presumption being that the jury complied with the court's direction and found for the plaintiff on the second count alone. p. 35

In a granted prayer, that plaintiff has offered no evidence to entitle him to recover under the first count of the declaration, "and therefore the verdict of the jury must be for the defendant as to said first count," the quoted words may be regarded as surplusage, the prayer merely meaning that plaintiff cannot recover on that count. p. 35

*Decided February 1st, 1924.*

Appeal from the Superior Court of Baltimore City (DAWKINS, J.).

Action by D. K. Este Fisher against William L. Carroll. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*H. H. Dinneen,* with whom was *Harry M. Benzinger* on the brief, for the appellant.

*J. Kemp Bartlett, Jr.,* with whom were *Bartlett, Poe & Claggett* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal presents a very narrow and technical question of practice.

The declaration was as follows:

"D. K. Este Fisher, by Bartlett, Poe & Claggett, his attorneys, sues William L. Carroll.

"For that on or about December 23rd, 1921, the plaintiff was the owner of a Franklin touring car, which at the time complained of was safely and carefully parked on the south side of Park Avenue, between Saratoga and Mulberry Streets, public thoroughfares in the City of Baltimore, and that while his said automobile was parked on Park Avenue as above described a truck owned by the defendant, and operated by him, his servant or agent, in a reckless, negligent and careless manner, ran into and against the side of the plaintiff's car, badly damaging the same, causing the plaintiff to spend a large sum of money in repairing said car and causing him additional expense and inconvenience by being deprived of the use of said car during the time of its repair.

"And the plaintiff further says that the damages so complained of were caused solely by the negligence of the defendant, his servant or representative, and were in no wise directly contributed to by the plaintiff therein.

"2. For that on or about the 23rd day of December, 1921, the plaintiff was the owner of a Franklin touring car which on the day aforesaid had been parked on Park Avenue in a careful and prudent manner, when a truck owned by the defendant and in his care or the care of his servant or agent and which had just previously thereto been left standing on Pleasant Street in such a negligent manner that said truck came loose from its position on Pleasant Street and, running backwards down the grade of Pleasant Street, proceeded across Park Avenue, crashing into the side of the plaintiff's car and severely damaging the same, causing the plaintiff to spend a large sum of money in repairing said car and causing him additional expense and inconvenience by being deprived of the use of said car during the time of its repair.

"And the plaintiff further says that the damages so complained of were caused solely by the negligence of the defendant, his servant or representative, and were in no wise directly contributed to by the plaintiff therein.

"And the plaintiff claims one thousand dollars ($1,-000.00)."

The plaintiff offered no prayers.

The following prayers were granted at the request of the defendant:

1. At the request of the defendant the court instructs the jury that the plaintiff has offered no evidence legally sufficient to entitle him to recover under the first count of the declaration of this case, and, therefore, the verdict of the jury must be for the defendant as to said first count.

6. At the request of the defendant the court instructs the jury that unless they find from the evidence that the defendant, in the management of his truck, failed to use such diligence and care as prudent and discreet persons would exercise in like occasion with such truck, then the plaintiff is not entitled to recover, and the verdict of the jury must be for the defendant.

7. At the request of the defendant the court instructs the jury that the mere action of the defendant in leaving his automobile truck unattended in the alley did not in law amount to negligence, and that the plaintiff in this case is not entitled to recover unless the jury are satisfied by a preponderance of evidence that the defendant, in parking his truck under the circumstances testified to by the witnesses, failed to exercise due care and precaution to prevent damage to persons and property on the public street.

Verdict was for plaintiff for $155.78.

Whereupon defendant filed a motion in arrest of judgment, as follows:

"And the said William L. Carroll, the defendant in this action, comes now and moves in arrest of judgment or, alternatively, for a new trial, for the reason following, that is to say:

"First—That despite the fact that the court granted the defendant the first prayer, and directed a verdict for the defendant as to the second count of the declaration, no such verdict was ever rendered by the jury at the bar of this court, but on the contrary the

said jury returned under the declaration a general verdict for the plaintiff, as of record here doth more fully appear."

Which motion was overruled and judgment on the verdict entered.

The appeal is "from the judgment and order overruling the motion in arrest of judgment."

The contention of appellant is that, on the granting of defendant's first prayer, the verdict of the jury should have been taken as to the first count.

We find no error in the order overruling the motion in arrest of judgment.

We know of no practice in this State in ordinary civil cases of taking separate verdicts on various counts in the same declaration. A verdict in the ordinary civil case must be capable of forming the basis of a final judgment. I *Poe, Pl. & Pr.* (4th Ed.) sec. 758.

Where a verdict is rendered for the defendant he is entitled to a judgment for costs. Manifestly such a judgment could not have been entered in the present case if a verdict had been rendered by the jury for the defendant on the first count. The practice in the trial of issues in will cases is not in point, because there no judgment is entered by the court on the findings of a jury.

Defendant's first prayer would have been complete if the concluding words, "and therefore the verdict of the jury must be for the defendant as to said first count" had been omitted, and these words may be regarded as surplusage. The prayer simply meant that plaintiff could not recover on that count. The jury is presumed to have regarded the instruction of the court, and to have found for the plaintiff on the second count alone.

When the first prayer was granted the case went to the jury with the first count eliminated so far as the jury was concerned.

*Judgment affirmed, with costs to appellee.*