ABEL ROSENTHAL *v.* MORRIS HEFT ET AL.

[No. 44, April Term, 1930.]

*Decided June 11th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Francis E. Pegram,* with whom was *Eldridge Hood Young,* on the brief, for the appellant.

*J. Paul Schmidt,* with whom was *Isaac Lobe Straus,* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

Upon the former appeal in this case (*Rosenthal v. Heft,* 155 Md. 410), it was decided that the defendant, as one of two grantees of certain real estate, encumbered by two mortgages, was amenable to suit by the grantors for the amount of the second mortgage, for which a judgment had been recovered against them by the mortgagee, but that a similar claim for reimbursement with respect to a balance due on the first mortgage was barred by limitations, since that claim did not accrue within three years prior to the suit, which was otherwise sustained as enforcing an implied and not a covenanted assumption of the mortgage debt by the grantees of the property. The judgment reviewed on the other appeal was reversed because the three-year limitations plea had been held demurrable by the lower court, and because of one of its rulings on the admissibility of evidence. The new trial for which we remanded the case resulted in a verdict and judgment for the plaintiffs for $4,411.17, the amount of the second mortgage and interest. In the course of the second trial, the defendant, by pleas in abatement, exceptions to evidence, prayers, and motion in arrest of judgment, endeavored to interpose and maintain the defense that he was not suable alone, but should have been sued jointly with his cograntee of the mortgaged property, on the alleged cause of action. Another theory of the defendant, asserted in prayers submitted on his behalf, was that the pleaded three-year period of limitations should be computed from the ratification, in 1922, of the audit showing a deficiency in the proceeds of sale under the first mortgage to pay the debt thereby secured, and not from the date (October 22nd, 1924) of the judgment recovered against the plaintiffs on the second mortgage, and that consequently the plea of limitations was an effectual bar to the

suit, which was instituted on July 16th, 1926. The trial court declined to sustain any of the defensive efforts to which we have referred, and its rulings are challenged by the defendant's appeal from the judgment by which his liability in this suit has been for the second time determined.

The opinion, by Judge Offutt, on the first appeal, expressed the view that, as the conveyance of the mortgaged property was to the defendant and his co-grantee as tenants in common, they became jointly liable for the purchase price, in which the amount of the mortgage indebtedness was included. It was said in the opinion (page 418): "Under the deed, their obligation to pay the purchase money would ordinarily be regarded as joint rather than as joint and several, since their benefit under it was joint (*Williston on Contracts*, sec. 392), and both should be joined in an action brought to recover the purchase money. But since that question is not raised by the pleading or the prayers, we will not attempt to deal with it, but will assume that the obligation of the grantees named in the deed to pay the consideration upon which it was based was joint and several."

After the case had been remanded, the defendant, by leave of court, filed pleas in abatement alleging that the claim asserted in the declaration was not against the defendant severally but against him and his cograntee jointly. The plaintiff promptly moved that those pleas be not received, and the motion was subsequently granted. It would have been contrary to a settled rule of pleading to permit the pleas in abatement to stand when submitted after pleas in bar had been filed, and after the case had been tried and appealed on the issues thereby presented. *Cruzen v. McKaig*, 57 Md. 454; *Glenn v. Williams*, 60 Md. 93; *Spencer v. Patten*, 84 Md. 414; *Waggaman v. Nutt*, 88 Md. 265. In 1 *Poe, Pl. & Pr.*, secs. 383 and 600, it is said:

"Where the contract is joint, the non-joinder of a party who should have been sued can be taken advantage of in one way only, when the defect is not apparent on the face of the declaration, viz: by a plea in abatement. * * * The omission of such joint contractor is not matter in bar, or of variance

in evidence at the trial, for such contract, though made by the defendant jointly with another, is still his contract; and it is only when, by a plea in abatement, he furnishes the plaintiff with a better writ, or in other words, informs him how the mistake may be corrected, that in such cases the error is noticed. * * * But where the declaration, on its face, discloses that the promise is joint, the death of the omitted defendant must be averred, or his absence otherwise accounted for; and, unless this is done, the declaration is bad upon demurrer, or writ of error, or appeal, where the point is made below. * * *"

"It should be particularly noticed that all dilatory pleas must be interposed at a preliminary stage of the case, and can not be received after a plea in bar has been filed, except where the facts proposed to be alleged in them arise after the filing of such plea in bar. * * * Nor can matters in abatement and matters in bar be pleaded together; for the latter will supersede the former."

The declaration in this case was held good as against a demurrer considered on the former appeal. While the existence of a co-grantee of the defendant was shown by the declaration, the defendant was described as the purchaser of the granted property, and the inclusion of another grantee in the deed was alleged to have been made at the defendant's request. Those allegations were evidently not regarded on the previous appeal as sufficiently indicating a joint liability to justify a conclusion that the declaration was demurrable for not explaining the omission of the other debtor as a co-defendant. The defense of nonjoinder, therefore, required a plea in abatement for its proper presentation, and, having been reserved until pleas in bar had been filed, it must be held to have been conclusively waived. In view of the proper exclusion of that defense, the rulings against the admission of evidence designed to support it, the refusal of prayers relating to the same question, and the overruling of the motion in arrest of judgment, were also correct.

The objection, on the ground of variance, to certain proof offered by the plaintiffs, and supposed by the defendant to

show his joint rather than several liability, was properly overruled. In *Cruzen v. McKaig,* 57 Md. 454, 464, the court said: "The principle has long since been settled, that, in case where two or more are jointly bound by contract, and one only be sued, it is no matter in bar of the action, or ground of demurrer, or in arrest of judgment, that the others are not joined, except where the declaration discloses upon its face that the contract was joint, and the plaintiff fails to show why all the parties jointly liable have not been joined as defendants; nor does it form ground of variance in the evidence upon the trial. *Brown v. Warram,* 3 H. & J. 572; *Merrick v. Bank of Metropolis,* 8 Gill, 74; *Gilman v. Rives,* 10 Pet. (U. S.) 300. Though the contract be joint, it is still the contract of the party sued, and recovery may be had against him; and though he be declared against as the only party bound, or as being severally bound, by the contract, if he does not take advantage of the nonjoinder by proper plea in abatement, he cannot object to the reception in evidence of the joint contract, upon the ground of variance between the *allegata* and *probata.*"

The prayers of the defendant directing a verdict in his favor on the ground that the claim in suit was barred by limitations could not have been granted consistently with the opinion on the prior appeal in this case. In discussing one of the prayers, we said that "no right of action accrued to the vendors until their liability has been judicially determined, or until they had paid the mortgage debts" (155 Md. 426). A judicial determination of the plaintiffs' liability under the first mortgage was accomplished by the ratification of the audit showing the balance due on that mortgage as the result of a deficiency in the proceeds of the sale under its terms, while their liability on account of the second mortgage was not judicially determined until a judgment was rendered against them in a suit for the debt which it secured. As already noted, the date of that judgment was within three years before the suit was instituted.

The motion in arrest of judgment assigns as one of its grounds the fact that the jury did not find for the defendant

on the common counts, although so directed in granted prayers instructing the jury that on none of those counts were the plaintiffs entitled to recover. The decision in *Carroll v. Fisher,* 145 Md. 32, disposes of this objection. In that case we said, in an opinion by Judge Adkins, page 35: "We know of no practice in this state in ordinary civil cases of taking separate verdicts on various counts in the same declaration. A verdict in the ordinary civil case must be capable of forming the basis of a final judgment. 1 *Poe, Pl. & Pr.* (4th Ed.), sec. 758. Where a verdict is rendered for the defendant he is entitled to a judgment for costs. Manifestly such a judgment could not have been entered in the present case if a verdict had been rendered by the jury for the defendant on the first count. The practice in the trial of issues in will cases is not in point, because there no judgment is entered by the court on the findings of a jury. Defendant's first prayer would have been complete if the concluding words, 'and therefore the verdict of the jury must be for the defendant as to said first count' had been omitted, and these words may be regarded as surplusage. The prayer simply meant that plaintiff could not recover on that count. The jury is presumed to have regarded the instruction of the court, and to have found for the plaintiff on the second count alone. When the first prayer was granted the case went to the jury with the first count eliminated so far as the jury was concerned."

No error has been found in any of the rulings.

*Judgment affirmed, with costs.*