John E. SMITH, Jr.

v.

Robert SHERWOOD.

Civ. No. 19316.

United States District Court
D. Maryland.

Jan. 29, 1970.

Albert G. Aaron, Baltimore, Md., and Mark P. Friedlander, Jr., Washington, D. C., for plaintiff.

Caesar L. Aiello and Llewellyn C. Thomas, Bethesda, Md., and C. Thomas McCally, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

The parties have agreed to submit to the Court for decision as on a motion for summary judgment the issues raised by several defenses asserted by the defendant herein. See Rules 42(b) and 56, F.R. Civ.P. The facts essential to a determination of these issues are not disputed; they are set out in the pretrial order, consented to by counsel for both parties, and in several exhibits offered at the hearing, which it was agreed the Court should consider.

The "Nature of the Case" is stated as follows in the Pretrial Order:

"The plaintiff, John E. Smith, Jr., sued defendant Robert Sherwood in the above-entitled cause on March 18, 1968 alleging that the defendant, the President of the Suburban Trust Co. had negligently failed to apply funds on hand belonging to the maker of a note to the payment of said note, and the plaintiff, who was the endorser on said note claims to have been damaged by such negligence in that he has been subjected to a judgment on said note, and has been required to pay attorney's fees in defense of the suit and in an attempt to correct the judgment in favor of the bank against him as endorser of the note.

"The plaintiff claims that in a conversation on August 5, 1964 with the defendant the situation was called to the defendant's attention and that the defendant had promised to make the application from the funds available, and that the funds were available, but the defendant forgot to make the application on this particular note although he had carried out his promise on two other notes in which the same situation existed. The plaintiff states that the only difference between the two notes in which the promise was carried out and the one note on which the promise was not carried out was the date of maturity of the unpaid note which had not yet become due."

Defendant has raised certain defenses and made certain claims, set out in the margin,[1] which must be submitted to a

---

1. Defendant claims (1, 2) that there were no such conversation and promises as alleged by plaintiff; (3) that there were not sufficient funds available as alleged;

jury if defendant does not prevail on his pending motion.

The claimed defenses which have been submitted for decision by the Court may be grouped as follows:

A. (5) That this action is barred by the applicable statute of limitations in that plaintiff discovered the alleged wrong more than three years prior to the filing of the complaint herein;

B. (7, 8) That the defendant, as president of Suburban Trust Company, acted solely as agent of a fully disclosed principal, Suburban Trust Company, and as such disclosed agent did not, as a matter of law, incur personal liability, and is not a proper party defendant herein since his actions were solely as agent for a fully disclosed principal, Suburban Trust Company.

C. (9) That this action is barred by the doctrine of res judicata; (10) that this action is barred by the doctrine of collateral estoppel; and (12) "that this action is barred by rules 12(b) and 13(a) of the Federal Rules of Civil Procedure in that the claim for relief asserted herein arose out of the same transaction, or occurrence, that was the subject matter of Civil Action No. 2393–64 in the United States District Court for the District of Columbia and constituted a claim which was required to be asserted by way of defense in the responsive pleading of the plaintiff herein in said Civil Action No. 2393–64 in the U. S. District Court for the District of Columbia, the same constituting a defense in law or fact to the claim of Suburban Trust Company in said Civil Action and which constituted a compulsory counterclaim in said civil action."

### Undisputed Facts

At all times material to the issues in this case, plaintiff herein (Smith) was president of Caribbean Cruise Lines (Caribbean) and defendant herein (Sherwood) was president of Suburban Trust Co., a Maryland bank (the bank). Caribbean had a checking account at the bank's Hyattsville office and also borrowed money from it on notes endorsed by Smith and his wife.

Four notes are involved in this case: the first, a note for $25,000, due July 1, 1964; the second, a note for $7,500, due July 15, 1964; the third, a note for $20,000, due July 20, 1964. The first note was curtailed by a payment of $5,000 and a new (the fourth) note, for $20,000, due September 29, 1964, endorsed by Smith, was given to the bank.

On August 5, 1964, the second and third notes, both of which were overdue, were paid by applying funds of the maker, Caribbean, which were on deposit with the bank to the payment of those notes. The amount remaining on deposit after that application is disputed.

On August 7, 1964, Caribbean filed a petition under Chapter 11 of the Bankruptcy Act, seeking a reorganization, but was adjudicated a bankrupt on December 21, 1964.

Meanwhile, on September 29, 1964, when the fourth note, for $20,000, became due, the bank sued Caribbean as maker and Smith and his wife as endorsers of said note. The suit was filed in the United States District Court for the District of Columbia; process was served on Smith on October 8, 1964, but his wife was not served. On October 28, 1964, Smith filed a motion to quash service of process, which was overruled or abandoned, and on December 7, 1964, Smith filed an answer to the complaint. In that suit Smith did not set up as a defense that Sherwood, the president of the bank, had promised to apply the funds on deposit to the credit of Caribbean, to the payment of the fourth note, which was not yet due, as well as to the

(4) that he only discussed past due notes with plaintiff and never had any conversation concerning notes which had not matured; (6) that there was no negligence or breach of duty by defendant; and (11) that the funds on deposit in

Suburban Trust Company account number 25 0479 8 to the credit of Caribbean Cruise Lines, Inc., Riviera Summer 1964 Cruises were trust funds not subject to application to the corporate debts of Caribbean Cruise Lines, Inc.

payment of the second and third notes, which were overdue. Nor did he file a counterclaim against the bank or a third-party claim against Sherwood based on a claim that Sherwood had been negligent in not causing the application to be made, as Smith now claims. Instead, he relied on a defense based upon a theory with respect to the July transactions which was decided adversely to him by the District Court. Judgment in favor of the bank against Smith for $20,000, plus interest and a 10% attorney's fees, was entered on January 18, 1967. A motion to vacate judgment was denied on December 18, 1967, and the judgment was affirmed by the United States Court of Appeals for the District of Columbia, without opinion, on January 28, 1969.

### A. Statute of Limitations

The limitations period under Maryland law for causes of action based on negligence is three years. Art. 57, § 1, Anno.Code of Md. Smith's first contention is that his cause of action did not accrue until the entry of the final judgment establishing his liability to the bank as endorser on the renewal note, i. e., January 18, 1967.

■ The Maryland law is to the contrary. The general rule is that limitations against a right or cause of action begins to run from the date of the alleged wrong. Killen v. George Washington Cemetery, Inc., 231 Md. 337, 343, 190 A.2d 247, 250 (1963); Waldman v. Rohrbaugh, 241 Md. 137, 139, 215 A.2d 825, 827 (1966). Smith admits that the date of the alleged negligent failure of Sherwood to apply funds to satisfy the renewal note was August 5, 1964. It is clear that the suit was not instituted within three years from that date.

■ The Maryland Court of Appeals has adopted the "discovery" rule for determining when a cause of action accrues in professional malpractice cases. Hahn v. Claybrook, 130 Md. 179, 100 A. 83 (1917); Waldman v. Rohrbaugh, supra; Mattingly v. Hopkins, 254 Md. 88, 253

A.2d 904 (1969); Mumford v. Staton, Whaley & Price, 254 Md. 697, 255 A.2d 359 (1969); Feldman v. Granger, 255 Md. 288, 257 A.2d 421 (1969); Steelworkers Holding Co. v. Menefee, 255 Md. 440, 258 A.2d 177 (1969). Even if applicable, however, the discovery rule would not help plaintiff in this case; he discovered the alleged negligence not later than the date on which he was served with process in the bank's action against him on his endorsement. That date was October 8, 1964, more than three years before Smith filed this action. No fraud has been alleged, and the tolling provisions of Art. 57, § 14, Anno. Code of Md., are not applicable.

■ Plaintiff relies on Emerson v. Gaither, 103 Md. 564, 64 A. 26 (1906), which involved a claim by a receiver of a national bank against its directors for losses incurred in consequence of unlawful loans. Discussing the time from which limitations would run, the Court said:

"We do not understand that directors could be made to respond in damages or to pay for such excessive loans, unless some injury was done and loss sustained. It may be that it was not and could not have been ascertained that loss had or would ensue until sometime after the loans were made. It is not even shown in the bill when they were due. * * *" 103 Md. at 581, 64 A. at 32.

The Court held applicable the following principle, which it quoted from 19 Am. & Eng.Ency. of Law, 195:

" 'Where the act complained of might or might not be injurious, and the plaintiff's right of action must depend upon its proving injurious, the cause of action cannot be considered as accruing until the injury has developed, and until then the statute does not begin to run.' " 103 Md. at 582, 64 A. at 32.

Later cases in the Maryland Court, however, have shown that Maryland has not adopted the so-called "maturation of

harm" rule. In Mattingly v. Hopkins, supra, the Court said:

"The appellant contends that until the Houston case and that of Branson, another grantee, were decided against him, that he had not been damaged and that the statute of limitations does not start to run until the maturation of damages. This is certainly the law in some jurisdictions. Fort Myers Seafood Packers, Inc. v. Steptoe & Johnson, 127 U.S.App.D.C. 93, 381 F.2d 261, 18 A.L.R.3d 974 (1967). However, we think that the case at bar clearly comes within the 'discovery rule' as established by *Hahn, supra,* and *Waldman, supra.* Both *Hahn* and *Waldman* fall short of bringing this Court within the ambit of those jurisdictions which recognize that limitations commence to run only after the maturation of harm. * * * " 254 Md. at 95–96, 253 A.2d at 908.

In Feldman v. Granger, supra, the Court said:

" * * * However, just as this Court reasoned in *Mattingly,* and we think on sound principle, we are not of a mind to go beyond the 'discovery rule'. * * * " 255 Md. at 294, 257 A.2d at 424.

The Court concluded:

"In view of what we have stated in this opinion we think that the application of the 'discovery rule', as here applied, gives to the individual exercising reasonable diligence the full benefit of the statutory period in which to file suit, while at the same time protecting the defendant from 'stale claims', as was intended by the statute." 255 Md. at 297, 257 A.2d at 426.

In Steelworkers v. Menefee, supra, the Court applied the discovery rule to a claim for faulty construction against the building contractor as well as to a claim against the architect. See also Killen v. George Washington Cemetery, supra.

The instant case does not involve a claim for indemnity or contribution, such as the claims in Northwest Airlines, Inc.

v. Glenn L. Martin Co., 161 F.Supp. 452 (D.Md.1958), and Southern Maryland Oil Co. v. Texas Co., 203 F.Supp. 449 (D. Md.1962). See also New Amsterdam Casualty Co. v. Baker, 74 F.Supp. 809 (D.Md.1947).

Under the controlling Maryland authorities, it is clear that the three year period of limitations began to run not later than October 8, 1964, when Smith was served with process in the action brought against him by the bank on the fourth note.

#### B. Agent for a Disclosed Principal

When Sherwood made the promise alleged by plaintiff (which must be assumed for purposes of this motion), he was acting as president of the Suburban Trust Company. When an employee or other agent of a disclosed principal enters into a contract on behalf of that principal, he cannot ordinarily be sued in an action *ex contractu* for breach of that contract. Restatement (Second) of Agency, § 328 (1957). But an employee or agent may be liable in an action *ex delicto* for his own negligence in the performance of the contract, even though the employer or other principal may also be liable. Ibid, §§ 343, 354. The complaint in this case is based on a claim of negligence.

#### C. Res Judicata, Collateral Estoppel and Compulsory Counterclaim

This congeries of points presents a more difficult problem than those previously discussed. The contention which forms the basis of plaintiff's present suit could have been asserted as a defense to the bank's claim or as a counterclaim or both in the bank's suit against Smith in the District of Columbia. Rules 12(b) and 13(a), F.R.Civ.P. The alleged negligent failure of Sherwood (the president of the bank) to cause the bank to apply the balance in Caribbean's deposit account to the payment of the note in question arose out of the same transaction or occurrence on which the bank sued Smith. Smith's failure to assert the alleged negligent failure as a defense or as

a counterclaim in that case would estop him from asserting it in a later action against the bank.

The question whether such failure should estop Smith from asserting the claim against Sherwood in this case adds other elements, including the question of privity, to the total problem. A third-party claim against Sherwood could have been filed by Smith in the case in the District of Columbia without destroying the jursdiction of that Court. But since Smith did not raise the point in the bank's suit, such failure, though conclusive as between Smith and the bank, Rule 12(b), may not be conclusive as between Smith and Sherwood. There are arguments in favor of holding that Smith's present claim against Sherwood is barred by Smith's failure to assert the point in the bank's suit; but, since the present case is clearly barred by limitations, it is wiser for a trial court not to embark upon a thorough search for and study of the precedents necessary to decide whether or not it is barred for an additional reason.

The Court will enter judgment in favor of the defendant.