James A. Henderson and David J. Ross, *vs.* George S. Gibson, Garnishee of Elliott Johnson.

A judgment by default, by the lapse of the term at which it was entered, without motion or other proceeding had thereon, becomes final and absolute; and from an order striking out such judgment, an appeal will lie to this Court, but must be taken within three years after the right of appeal accrued.

Whether or not, within the limit of three years, the error in striking out the judgment could have been set up as a reason for reversing a judgment obtained upon a trial of issues subsequently joined, it is too late, after the lapse of more than three years, to present it for that purpose.

The plaintiffs, by their pleadings and joinder of issue, subsequent to the order striking out the judgment by default, waived their right of appeal from that order.

Appeal from the Court of Common Pleas of the city of Baltimore.

This is a case of *attachment* sued out by the appellants against the appellee, at the May term, 1855, of the Court of Common Pleas of the city of Baltimore, on a judgment obtained by them at the May term, 1852, of said Court, against Elliott Johnson. The case is fully stated in the opinion of this Court.

The cause was argued before Bartol, Goldsborough and Cochran, J.

*J. Malcolm,* for the appellants:

The Court below erred in striking out the judgment and allowing the garnishee to plead, the judgment having passed beyond the control of the Court, after the term had expired at which the judgment became final; and, according to the decisions of the Court of Appeals, the motion was too late. It should have been made at the term at which the judgment was entered, and, so far as the record shows, there was no motion made except a verbal one. No

reasons being assigned for the motion, it was an arbitrary act of the Court, without any notice to the plaintiffs' counsel, and cannot be sustained on any principle of law. *Sherwood vs. Mohler*, 14 *Md. Rep.*, 564. The garnishee has never yet filed a plea, as required by the order of the Court, and there is no rule of the Court of Common Pleas which authorizes "*nulla bona*" to be pleaded short, as was done in this case, and therefore the judgment should have been for the plaintiffs; for, by the rules of practice, all pleas are required to be in writing, and copies served on the counsel of the other side. *Munnikuyson vs. Dorsett*, 2 *H. & G.*, 378. *Ev. Pr.*, 429. The striking out of the judgment was directly in the face of the well-known and established practice of the Courts of this State. The motion to strike out should have been in writing, and served upon the opposing counsel.

*John H. Thomas*, for the appellee:

1st. Courts have power, "for fraud, deceit, surprise or irregularity" in obtaining judgments, to set them aside, as well after as during the term at which they were rendered. The Act of 1787, ch. 9, sec. 6, provides for continuances from the term at which such judgments may have been rendered, until that at which they are set aside, showing that it is immaterial how many terms may have intervened. *Hall vs. Sewell*, 9 *Gill*, 146. *Sherwood vs. Mohler*, 14 *Md. Rep.*, 564, 565.

2nd. The mode of showing the existence of such causes, is not designated by the Act. If, therefore, it appear from the record that some one of them *must have existed*, the action of the Court must be presumed to have been founded on them, and ought to be sustained. The Court "learned from the gentlemen in the cause"—the fact must have been conceded by counsel on both sides—that the appellee had no funds liable to condemnation. The answers of the gar-

nishee, and the verdict of the jury, show *conclusively* that he had none. In the face of these facts, it is *impossible* to account for the judgment by default against him, except on one of the grounds which entitle the Court to set it aside.

3rd. If the point arose on motion to quash an execution, to reinstate the judgment, or on appeal from the order striking it out, in the absence of any other facts, it might be necessary to shew what proof was addressed to the ·Court below, as to the mode in which the judgment was obtained. But the Court can hardly be considered to have erred in striking out a judgment, when the record contains a verdict showing that no just cause for the rendition of it could, by possibility, have existed.

4th. The objection to the action of the Court might have been taken by the appellants, without going into the merits of the case. They chose to rely on the merits; mere technical rights were thereby waived. It is too late to rely on them after it is shown that they could not be conscientiously enforced. *Kent vs. Holiday,* 17 *Md. Rep.,* 391. *Evans vs. McGee,* 11 *Peters,* 85.

5th. The point was not made in the Court below. The so-called bill of exceptions states that they excepted to the action of the Court before the jury retired. But the judgment had then been stricken out more than a year—not excepted to at the time it was done, as the record shows— and not brought to the attention of the Court afterwards, as it might have been, by a motion to reinstate the judgment. If the course pursued had not been considered equivalent to an agreement to try the case on its merits, an affidavit would have been filed. The want of it, however, is supplied by the verdict.

6th. Even if the Court erred, a *procedendo* ought not to be granted, as there was only a technical omission, which would be supplied if the case be sent back. *Walters &*

Henderson & Ross, *vs.* Gibson, Garn. of Johnson.

*Harvey vs. Munroe*, 17 *Md. Rep.*, 504. *Fowle vs. Munroe, Id.*, 507.

7th. If the case be sent back, it ought to be merely for the purpose of enabling the appellee to make an affidavit, which, however, cannot be necessary, inasmuch as the verdict establishes all that he could by affidavit. *Allen vs. Lamden*, 2 *Md. Rep.*, 283.

8th. The plea of *"nulla bona"* was full. Even if it had been defectively pleaded, or not pleaded at all, that defect was cured by the verdict. *Tyson vs. Rickards*, 3 *H. & J.*, 109.

9th. Joining issue on the plea, was an admission of its sufficiency as a bar to the plaintiffs' right of recovery, if sustained, as it was, by proof, and a waiver of the right; he might otherwise have had to object to the striking out of the judgment by default. *Danels vs. Taggart*, 1 *G. & J.*, 323, 324. *Green vs. Johnson*, 3 *G. & J.*, 389.

Cochran, J., delivered the opinion of this Court:

It appears from the record in this case, that the appellants, having obtained a judgment in the Court of Common Pleas for Baltimore city, against Elliot Johnson, caused an attachment to be issued thereon, at the January term of 1855, and laid in the hands of the appellee, which was duly returned by the sheriff, at the following May term of that Court. The appellee failing to appear on the return of the writ, a judgment by default was entered against him on the 15th of May 1855. At the January term 1856, after the lapse of the preceding May and September terms, without further action taken by either party, the Court, on motion of the appellee, ordered the judgment by default to be stricken out, and permitted him to appear and plead. At January term 1860, the appellants replied, and upon the joinder of issue, filed interrogatories, which were answered by the appellee, denying funds, &c. The appellants, after

offering evidence, at the trial of the case, to show the time and manner of striking out the judgment by default, took their exception thereto, and we have now to consider whether, under the circumstances, the question raised can be entertained as a ground for reversing the judgment from which this appeal was taken. In view of the cases decided by this Court, we think there can be no difficulty in disposing of the question. The judgment by default, by the lapse of the term at which it was entered, without motion or other proceeding had upon it, became final and absolute, and the appellants were undoubtedly entitled to an appeal from the order of the Court striking it out. *Green vs. Hamilton,* 16 *Md. Rep.,* 317. *Walters & Harvey, vs. Munroe,* 17 *Md. Rep.,* 505. *Graff & Gambrill vs. Merchants & Miners Transp. Co.,* 18 *Md. Rep.,* 364. The right of appeal thus afforded was limited, however, and could have been availed of only within the period of three years after the right had accrued, but whether within that time the error in striking out the judgment could have been set up as a reason for reversing a judgment obtained upon a trial of issues subsequently joined or not, we are clearly of opinion that it is now too late to be presented for that purpose. The appeal was not taken until upwards of four years after the judgment by default was stricken out, and as that act of the Court is the only ground of exception presented for reversing the present judgment, the entertainment of it, to effect that result, would operate to defeat the statutory provisions limiting the time for taking appeals to three years. We think, further, that the appellants, by their pleadings and joinder of issue, subsequent to the order excepted to, waived their right to an appeal from that order. It cannot be supposed that the right of appeal was pending during the voluntary proceedings of the appellants in bringing the cause to issue and trial before the jury. Their acts, in thus pleading and trying the

The Pres., Man. & Co. of the Wash. & Balto. Turnpike Road, *vs.* The State.

case upon issues subsequently joined, were entirely incon-
sistent with the reservation of their right of appeal upon
the order striking out the judgment by default, and for
that reason they must be held to have abandoned it. With-
out expressing any opinion as to the propriety of the act
excepted to, it is sufficient to say, that from the lapse of
time, and the implied waiver of objection to it by the ap-
pellants, it presents neither a proper nor sufficient reason
for reversing this judgment.

*Judgment affirmed.*

( Decided December 5th, 1862.)