# MIECZYSLAUS BARABASZ *vs.* VICENT KABAT AND WIFE.

*Appeal—Refusal of Prayer Taking Case From Jury at Close of Plaintiff's Evidence — Waiver of Objection By Making Defense.*

When, at the close of the plaintiff's evidence, the defendant asks the Court to instruct the jury that there is no legally sufficient evidence to entitle the plaintiff to recover, and that prayer being re-

fused the defendant proceeds to offer evidence in defense, as authorized by Code, Art. 75, sec. 87G., then, on appeal from a judgment in favor of the plaintiff on the whole evidence, the ruling of the Court on the prayer so offered is not open for review, and if there was error in the ruling it was waived by the defendant.

.Appeal from a judgment of the Baltimore City Court (PHELPS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Frederick C. Cook* and *Charles W. Heuisler*, for the appellant.

*George T. Mister* and *Marcus Kaufman* (with whom was *Samuel D. Lowenthal* on the brief) for the appellees.

PEARCE, J., delivered the opinion of the Court.

This is an action brought by the appellees against the appellant to recover damages for an alleged assault and battery made upon the female plaintiff by one Joseph Molis while in the discharge of his duties and in the course of his employment, as the servant or agent of the appellant.

At the close of the plaintiff's testimony, the defendant offered eight prayers, by each of which, in varying form, the Court was asked to withdraw the case from the consideration of the jury. All these prayers were rejected by the Court, and their rejection constitutes the first exception.

After the rejection of these prayers, the defendant proceeded with his case and introduced a number of witnesses to sustain his defense.

At the close of the whole case prayers were offered by both parties, and were passed upon by the Court, but are not embraced in the record, it appearing therefrom that the defendant waived all objection to the ruling on all these prayers, and on questions of evidence.

At the time of the signing and sealing of the first bill of exceptions, which is referred to and made part of the

second exception, the plaintiffs insisted that the cross-examination of Joseph Molis, one of the defendants' witnesses, should be incorporated in, and constitute part of the record, to which the defendant objected, but the Court overruled his objection and directed the cross-examination of said witness to be incorporated in the record, which ruling being excepted to, constitutes the second exception.

The appellees contend that though there may have been error in the Court's ruling, refusing to take the case from the jury at the conclusion of the plaintiff's evidence, such error was waived by the defendant in proceeding with his own case, and cannot be reviewed on this appeal.

Prior to the *Act of 1894, ch. 516* (section 87G., of Art. 75 of the Code), this question could not have arisen in Baltimore City, because, before the passage of that Act, if the defendant, at the close of the plaintiff's testimony, submitted a prayer to take the case from the jury, and such prayer was refused, the defendant could not under the rules of the Courts of Baltimore City offer testimony in defense, and the case went to the jury on the plaintiff's testimony; just as, prior to the *Act of 1867, ch. 388* (Code, Art. 75, sec. 8), if a party demurred to the declaration or to a plea at any stage of the case, and his demurrer was overruled, the other party was entitled to judgment on the demurrer, unless by leave of Court the demurrer was withdrawn and plea was filed in due course according to the stage of the case.    This was so, because when the party elected by his demurrer to rest his case upon an issue at law, he thereby waived the right to have an issue of fact (or, to speak more accurately, acknowledged there was no issue of fact), so long as the issue of law tendered by him, was not by leave of Court withdrawn.    This reason of the common law would seem to be equally applicable and controlling in the case of a prayer offered at the close of plaintiff's testimony to take the case from the jury.   By offering such prayer, the defendant admitted all the facts established by the plaintiff's testimony, and rested his de-

fense upon an issue of law, viz., the sufficiency of those facts to warrant a recovery. But Parliament in England and American Legislatures are constantly modifying the rigor of the common law, and our own Legislature, by the Act of 1867, gave to the party demurring to a declaration or plea, the right to plead over without withdrawing his demurrer, and expressly provided in such case, that "upon appeal or writ of error the question of law arising upon the demurrer should be decided and determined as fully to every intent as if the party demurring had not pleaded over." This privilege was a wise and salutary one, since without it only partial relief would have been afforded against the evil intended to be remedied. Without it, the demurrant would have lost absolutely the right to have decided the issues of law, upon which he might be correct, and the only benefit he would have secured would be the chance of establishing his defense upon the issue of fact to be raised by plea. In other words he would purchase the doubtful result of an issue of fact by the abandonment of the uncertain result of an issue of law. But under the operation of the Act of 1867 he enjoys the benefit of a defense both at law and on the facts. Thus equal and exact justice is done to both parties, and the cost and delay of litigation is greatly reduced. The practice of offering prayers to take a case from the jury is said to be equivalent to a demurrer to evidence, and when a defendant, at the close of the plaintiff's testimony, submits such a prayer, it is in effect a motion for a non-suit, which is the practice prevailing in some States to-day. The only difference in the effect of a demurrer to evidence, and a motion for non-suit, upon plaintiff's testimony, as stated by Mr. Justice Gray in *Central Transportation Co.* v. *Pullman Co.*, 139 U. S. 39, being that the judgment on the former is a final determination of the rights of the parties, whereas if the judgment on the latter is in favor of plaintiff, the case must be submitted to the jury, and if in favor of defendant, it is no bar to a new action.

The Act of 1894 enacted that where the defendant offers such a prayer at the close of the plaintiff's evidence, and it is rejected, "the defendant shall not be precluded from offering evidence of defense, but any defendant in any such action may offer evidence of defense as fully and to the same extent as though such prayer had not been offered." It does not however provide, as the Act of 1867 did in reference to its subject-matter, that "upon appeal or writ of error the question of law arising upon such rejected prayer shall be decided and determined as fully to every intent as if no evidence in defense had been offered." We think there was a sound reason for not so providing ; because the defendant's evidence being in by his own deliberate election, should be available as well for the plaintiff as for the defendant, since it not infrequently happens that the defendant, in so electing, supplies the deficiency of plaintiff's testimony, and if the defendant is still of opinion that upon the whole testimony, which he has himself invoked, there is no legally sufficient evidence to warrant a recovery, he may renew his prayer to take the case from the jury, and so is not deprived of his right to have determined upon the whole case, at that stage to which his election has brought the case, the question of law raised by the renewed prayer to take the case from the jury. If, on the other hand, he is of opinion that he can no longer successfully rely upon such prayer by reason of any additional evidence brought into the case, we can perceive no reason why he should be permitted to resort again to a position which would operate to exclude his own testimony making for the plaintiff.

The question here raised has never been presented in this Court, but for the reasons we have given we think the contention of the appellees is logical and correct. It would certainly produce a failure of justice if a verdict of a jury rendered upon the evidence of both parties, and upon instructions at the close of the case, to the granting or refusing of which there was no exception, should be set aside upon an alleged erroneous ruling upon the plaintiff's evi-

dence only ; and it would be trifling with the purposes for which Courts of justice are created to require the review of an error which, if declared, would not justify a reversal.

The reasoning of this Court in the case of *Harvey* v. *The B. & O. R. R. Co.*, 69 Md. 343, very strongly suggests the view which we have expressed. JUDGE STONE said : "At the close of the plaintiff's evidence, if the defendant thinks that the evidence of the plaintiff is not legally sufficient to support the action, he has the right to ask and have the ruling of the Court upon it. In such case there is nothing before the Court except the plaintiff's testimony. But if the whole evidence, both of plaintiff and defendant, is in, before such instruction is asked for, the whole evidence must be considered by the Court, and not that of the plaintiff only." We can perceive no reason for a different rule where the instruction is asked for at the close of plaintiff's testimony, but where defendant subsequently offers evidence in defense, and the verdict is founded on all the evidence.

Accordingly, we find the authorities cited for the appellees, and which have not been met by the appellant with counter authority, sustain the position of the appellees. A number of these cases are from the Supreme Court of the United States, the earliest being *Grand Trunk R. W.* v. *Cummings*, 106 U. S. 700. There the instruction was asked at the close of plaintiff's testimony, and being refused, an exception was taken. All of the plaintiff's testimony was put in the bill of exceptions. The defendant then produced his testimony, none of which was put in the record, and at the close of the case the Court gave both parties instructions, not excepted to, and also gave plaintiff one which was excepted to, but which has no bearing upon this case. Two errors were assigned ; first, the refusal to direct a verdict for defendant at the close of plaintiff's testimony, and second, the granting of the last instruction mentioned. Neither assignment of error was sustained, CHIEF JUSTICE WAITE saying : " The evidence introduced on the part of the Com-

pany is not in the bill of exceptions, and the Court was *not asked to instruct the jury to find for the defendant on the whole case.* Under such circumstances, it must be presumed in the absence of anything to the contrary, that when the case was closed on both sides, there was enough in the testimony to make it proper to leave the issues to be settled by the jury. In this we are not to be understood as saying the instruction ought to have been given when it was asked." It might perhaps be argued from the language of that case that if the defendant's testimony had all been embraced in the record, that the Court would have treated the prayer as if offered and rejected at the close of the whole case, and would therefore have considered the whole case ; but the later cases in that Court do not permit that argument. In *Accident Insurance Company* v. *Crandal,* 120 U. S. 530, where the case was presented in the same manner, JUSTICE GRAY disposed of the question in these words : " The refusal of the Court to instruct the jury, at the close of the plaintiff's evidence, that she was not entitled to recover, cannot be assigned as error, because the defendant at the time of requesting such instruction had not rested its case, but afterwards went on and introduced evidence in its own behalf. *Grand Trunk R. W. Co.* v. *Cummings,* 106 U. S. 700, *Bradley* v. *Poole,* 98 Mass. 169."

In *Columbia R. R. Co.* v. *Hawthorne,* 144 U. S. 206, where the case arose under the Washington State practice upon a motion for non-suit, the same Judge said : " It has been repeatedly decided that a request for a ruling that upon the evidence introduced the plaintiff is not entitled to recover, cannot be made by the defendant as a matter of right, unless at the close of the whole evidence ; and that if the defendant, at the close of plaintiff's testimony, and without resting his own case, request, and is refused, such a ruling, the refusal cannot be assigned as error."

In *Bogk* v. *Gassert,* 149 U. S. 23, JUSTICE BROWN says : " Defendant has an undoubted right to stand upon his motion for non-suit and have his writ of error, if refused ; but he

has no right to insist upon his exception after putting in his testimony and making his case on the merits, The defendant's testimony may supply the missing link, *and if not, he may move to take the case from the jury at the conclusion of the whole testimony.*"

There are numerous other decisions to the same effect in the Federal Courts.

*N. P. R. R. Co.* v. *Mares,* 123 U. S. 710; *Robertson* v. *Perkins,* 129 U. S. 233; *Alexandria* v. *Stabler,* 50 Fed. Rep. 689; *Packing Co.* v. *Cassiday,* 53 Fed. Rep. 257; *German Ins. Co.* v. *Frederick,* 58 Fed. Rep. 147. Also in the State Courts: *Wentworth* v. *Leonard,* 4 Cush 418; *McGregory* v. *Prescott,* 5 Cush. 67; *Oakes* v. *Thornton,* 28 N. H. 44; *Joliet, etc., R. Co.* v. *Velie,* 140 Ill. 59.

The last is a recent and well considered case fully in line with the authorities cited. Also cases cited in 6 *Ency. Pleading and Practice,* 668, "Directing Verdicts." In view of the conclusion we have reached, it is useless to consider any of the prayers which were refused, on the ruling upon the incorporation into the record of Molis' cross-examination. The case is one of some importance, as involving the liability of a pastor of a church to a member of the congregation, for an alleged assault by a member of a committee of the church, charged with the duty of enforcing reasonable regulations, made by the pastor for the preservation of order in the conduct of the church services. The testimony appearing in the record is of a low grade, and reached the jury in a most unsatisfactory manner, both by reason of the high excitability of the witnesses and the obvious difficulty of interpreting the idiomatic expressions of the Polish language into our own. For this reason we regret that the case is so narrowly presented by the record as to confine us to the point decided, and prevent a thorough review of the case; but, as presented, we are constrained to affirm the judgment.

*Judgment affirmed with costs above and below.*

(Decided March 22nd, 1900.)