# STANISLAUS KRYMSKI .

## *vs.*

# LENA KUPIDLOWSKI.

*Slander—Evidence—Ruling Necessary for Exception—Direction of Verdict—Waiver.*

Error in allowing a witness to be asked a particular question is not ground for reversal if the question does not appear to have been answered.                                      p. 657

In an action for slander, spoken partly in Polish, it was proper to exclude a question, asked by defendant of his own witness, whether "an intelligent Pole would use the language as contained in this declaration?" this being immaterial.

p. 658

Where defendant's counsel, at the close of plaintiff's case, stated that if the court would uphold his contention on a certain point, he would submit a prayer directing a verdict for defendant, and the court said that "without prejudice I prefer to hear the whole case," there was no ruling which could be made the subject of an exception.                          p. 658

A defendant, by proceeding with his own evidence, waives an exception to the refusal of a prayer directing a verdict in his favor.                                            p. 659

*Decided January 10th, 1922.*

Appeal from the Baltimore City Court (DAWKINS, J.).

Action by Lena Kupidlowski against Stanislaus Krymski. From a judgment for plaintiff defendant appeals.   Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Milton Dashiell,* for the appellant.

*Louis Hollander,* with whom was *Louis Binder* on the brief, for the appellee.

THOMAS, J., delivered the opinion of the Court.

This is a suit for slander, and the appeal is from a judgment in favor of the plaintiff.

The record contains three exceptions, the first and third of which are to rulings of the court below on the evidence, and the second to certain action of the court which the defendant has treated as a rejection of a prayer, offered by him at the conclusion of the plaintiff's testimony, to take the case from the jury.

The plaintiff's son, a young man of about eighteen years of age, had testified that he was with the plaintiff when she went to the store of the defendant to pay him a bill, the correctness of which had been previously questioned by the plaintiff, and that, when the plaintiff entered the defendant's store, the defendant cursed her, using the words set out in the declaration, and grabbed her by the arm and pushed her out of the store, and that the conduct of the defendant made the plaintiff "very nervous." The witness was then asked by counsel for plaintiff what the plaintiff said when she got home. The court overruled the defendant's objection to the question, and the first exception is to that ruling. The question does not appear to have been answered by the witness, and the trial court so states in a note to the bill of exception. The defendant could not, therefore, have been injured by the ruling complained of. 2 *Poe, Pl. & Pr.,* sec. 314; *King v. Zell & Merceret,* 105 Md. 435.

A part of the alleged slanderous statement made by the defendant was in the Polish language and a part in English, and the third exception is to the refusal of the court below to permit the defendant to ask his own witness the following question: "Q. The declaration states that the words includ-

ing the two English words are in Polish, and then proceeds to translate all in the English language. Will you state to the gentlemen of the jury whether a Pole of ordinary intelligence, an intelligent Pole, would use the language as contained in this declaration?" It is apparent that there was no error in this ruling. The only questions involved were (1) whether *the defendant* used the language set out in the declaration, and (2) whether the words spoken were actionable. Whether an "intelligent Pole," or another person, would have used such language was entirely immaterial.

At the conclusion of the plaintiff's evidence, the record contains the following statement of what was said by counsel for the defendant and by the court: "(Mr. Gregorius): If your Honor please, the law plainly states—unless it is waived by both sides that the foreign words—that there must be some proof that the foreign words contained in the declaration are correctly translated into English. No one has been put on the witness stand and we have no proof except in an indirect way whether the alleged slanderous words in a foreign language were correctly translated into English, and we don't know whether the foreign words as contained in the declaration are criminal, or any words of any meaning, or any words at all. If your Honor will uphold my contention that is one of the requirements of the law, I would submit a prayer to instruct the jury to bring a verdict in for defendant. (The Court): Without prejudice I prefer to hear the whole case."

Counsel for the defendant treated the statement of the court as equivalent to the rejection of a prayer directing a verdict for the defendant, and accordingly reserved his second exception. No prayer was in fact offered, or instruction asked for, and, strictly speaking, there was no ruling of the court that could be made the subject of an exception. But even if we assume that the exception was properly taken, the defendant waived it by proceeding to offer evidence in his own behalf. If, at the conclusion of the whole testimony, the defendant was still of the opinion that the case should be

withdrawn from the jury, he could have renewed his application for an instruction to that end, and reserved an exception to the refusal of the court to grant it.   But a defendant cannot proceed with his own evidence and retain the benefit of an exception to the refusal of the court to grant such a prayer at the close of the plaintiff's evidence.   It is not necessary to state the reason for this well established rule, and we will simply refer to a few of the many cases in which it has been approved and followed.   *Barabasz* v. *Kabat,* 91 Md. 53; *Cowen* v. *Watson,* 91 Md. 344; *Balto. & O. R. Co.* v. *State, use of Logsdon,* 101 Md. 359; *Bernheimer* v. *Becker,* 102 Md. 250.

As there is no reversible error in the rulings of the court below, the judgment must be affirmed.

*Judgment affirmed, with costs*