ARMOUR FERTILIZER WORKS, DIVISION OF ARMOUR & CO. OF DELAWARE *v.* J. D. BROWN

[No. 16, October Term, 1945.]

*Decided November 28, 1945.*

The case was argued before DELAPLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Joseph H. Colvin* for the appellant.

*J. Henry Ditto,* with whom was *Cary D. Hall, Jr.,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

On August 23, 1943, the Armour Fertilizer Works, plaintiff, appellant here, filed a declaration in the Court of Common Pleas of Baltimore City in assumpsit against J. D. Brown, defendant and appellee here. "For money payable by the defendant to the plaintiff. For that the defendant, by his promissory note dated June 5, 1930, promised to pay R. E. Baldwin the sum of $1,100 twelve

months after date, with interest at the rate of 8% per annum until paid, and the said note was endorsed and duly negotiated to the plaintiff by the payee thereof, R. E. Baldwin, and the defendant has not paid any part of the principal of the said note and has failed to pay the interest thereon in the aggregate amount of $936.23. And the plaintiff claims $2,500.00." The defendant was summoned, and failing to answer, on November 12, 1943, a motion for judgment by default for want of a plea was made by the plaintiff. From the argument it appears that an order of Court was passed granting the judgment by default. No such order appears in the record, and the docket entry simply states, "Order of Court thereon filed." The plaintiff asked for a hearing on inquisition.

The defendant, after personal service of notice directed by the Court, appeared at the inquisition hearing held on January 4, 1945, not represented by an attorney and claimed that he was a resident of Florida and could not be sued in this State and made a motion that the case be dismissed. The Court overruled the motion and made the following statement: "The defendant Brown, being without counsel, and claiming to have a meritorious defense to the cause of action, I strike out the judgment by default and ask the clerk to enter a docket entry short of general issue plea and a plea of limitations. Now, we will take the testimony of the defendant Brown." The appeal to this Court is from the action of the trial Court in striking out this judgment by default. The attorney for the plaintiff claims that the trial judge then forced him into the trial of the case on its merits. Although it certainly appears that the trial judge acted in a very peremptory manner in calling the case for trial on its merits at that time, as the attorney for the plaintiff, according to the record, made no objection to this procedure there is nothing before this Court on that question.

Brown was then examined by the Court as to the merits of his case and the defense of the claim, and cross

examined by plaintiff's attorney as to the merits of his defense, as to the place of his residence, why he did not file a plea to the declaration whether he made any payments on the note, the consideration for which the note was given, why he signed the note with another co-signer, whether the signing of the note constituted a joint venture between the defendant and the other signer, whether he divided the profits, whether there was any understanding that the profits would be divided with the co-signer of the note, and what understanding the co-signer had at the time the defendant quit the venture. He was also asked whether he had received any release or discharge from the note and other pertinent questions that pertained to the matters of defense in the case. The Court asked the attorney for plaintiff if there was anything else he wanted to ask or any other witnesses. The attorney said, "No sir, no other witnesses except the deposition which is before you, sir. I would like to have that incorporated in the testimony." As a result of this hearing on the merits, the Court entered a judgment for the defendant for costs.

The plaintiff on January 6, 1945, filed a motion asking that the judgment entered by the Court for the defendant for costs on January 4, 1945, be stricken out, that the order, striking out the judgment by default, on January 4, 1945, be vacated and annulled, and that the plea of limitations entered short by the Court be stricken out. The Court granted the motion to strike out the judgment for the defendant for costs and granted leave to further plead. Plaintiff then filed on January 10, 1945, a demand for particulars of the general issue plea filed by the defendant in which demand were contained the following words: "without waiving its rights and reserving unto itself its right of appeal from the Court's order of January 4, 1945, striking out the judgment by default against the defendant, entered on November 12, 1943." On January 17, 1945, a suggestion for removal was filed by the plaintiff. On January 26, 1945, the defendant filed the general issue pleas and plea of limitations in

writing. On the same date, complying with plaintiff's demand, the defendant filed particulars of his general issue pleas. On January 30, 1945, plaintiff demurred to the particulars of the general issue pleas and in the demurrer stated, "reserving to itself the right of appeal on the action of the Court heretofore taken." On the same date the demurrer was overruled, and plaintiff's motion *Ne Recipiatur* as to defendant's plea of limitations was overruled. On January 30, 1945, plaintiff then filed a notice to take a further deposition. On February 23, 1945, plaintiff filed another suggestion of removal. Whereupon the case was set for trial before another trial judge.

On March 2, 1945, the plaintiff then appealed to this Court from the Order of the Court of Common Pleas of Baltimore City dated January 4, 1945, striking out the judgment by default previously entered on November 12, 1943, in favor of the plaintiff. The single question, therefore, before us is whether the Court was correct in striking out the judgment by default in favor of the plaintiff entered on November 12, 1943, and if said judgment should not have been stricken out, whether the plaintiff waived his right to appeal from that order by his subsequent proceedings in this case.

It has been stated many times by this Court that where the application to strike out the judgment is made by the defendant after the lapse of the term in the counties, or after thirty days from the entry of the judgment in Baltimore City, when the judgment has become enrolled, such judgment will not be stricken out except upon clear proof of fraud, deceit, surprise, or irregularity, and unless the party making the application has acted in good faith and with ordinary diligence. This rule applies to judgments by default as to other judgments. *Poe's Pleading and Practice* (Tiffany's Ed.), Vol. 2, Sec. 392; *Green v. Hamilton*, 16 Md. 317, 77 Am. Dec. 295; *Loney v. Bailey*, 43 Md. 10, 16; *Foxwell v. Foxwell*, 122 Md. 263, 272, 89 A. 494; *Pumpian v. E. L. Rice & Co.*, 135 Md. 364, 109 A. 71; *Murray v. Hurst,*

163 Md. 481, 163 A. 183; *Harvey v. Slacum,* 181 Md. 206, 29 A. 2d 276; *Eddy v. Summers et al,* 183 Md. 683, 39 A. 2d 812. The record plainly shows and the defendant admits that he received summons in this case, that he filed no pleadings and took no action until he was notified to appear in Court at the inquisition held over sixteen months after judgment by default was entered. This is not a judgmet by confession as in the case of *Finance Co. v. Myerly,* 161 Md. 23, 155 A. 148, but a judgment obtained after due process served on the defendant. No claim was made of fraud, deceit, surprise, or irregularity other than that the defendant was not a resident of Maryland, but a resident of Florida. The plea as to nonresidence was denied by the Court. Applying the facts of this case to the rule above stated and universally applied by the Court here, this judgment by default should not have been stricken out.

The question therefore arises as to whether the plaintiff is now estopped from taking his appeal by waiver of this right by his subsequent actions in the case after his judgment by default was stricken out after the term, from which action he undoubtedly had a right of appeal. *Henderson v. Gibson,* 19 Md. 234, 238; *Gross v. Wood,* 117 Md. 362, 367, 83 A. 337.

The plaintiff should certainly not be allowed to conduct a fishing expedition into the defendant's case to find the grounds of defense and being unsuccessful then be allowed to rely on a previous right of appeal which he did not see fit to exercise. Proper discovery is allowed by Rules adopted by this Court in January, 1941.

It was said by this Court in the case of *Dague v. Grand Lodge,* 111 Md. 95, at page 103, 73 A. 735, at page 738; "Waiver or acquiescence (which is a species of waiver by tacit assent) 'implies the abandonment of some right which can be exercised, or the renouncement of some benefit or advantage which but for such waiver the party relinquishing would have enjoyed. The general rule is that there can be no waiver unless the person against whom the waiver is claimed had full knowledge

of his rights, and of facts which will enable him to take effectual action for the enforcement of such rights. No one can acquiesce in a wrong while ignorant that it has been committed, and that the effect of his action will be to confirm it.' 29 *Am. & Eng. Ency. of Law,* 1093."

There is no doubt that the plaintiff had knowledge of his right of appeal because, in motions filed thereafter, he refers to that right. He cannot, by a mere statement that he is not waiving his right of appeal, obtain the particulars of the defendant's general issue pleas, file suggestions for removals, demur to the particulars of the general issue pleas, and still retain his right of appeal. Although there was no formal joinder of issue, there was a trial on the merits where the plaintiff cross-examined the defendant and filed a deposition of his own witness. If there was error in the Court's ruling on the motion to strike out the judgment, the plaintiff waived this error by offering the deposition of his witness in evidence. *Wilson Amusement Co. v. Spangler,* 143 Md. 98, 106, 121 A. 851. The proper course for the plaintiff to have taken was, of course, to object to the trial of the case on its merits. His implied consent to take it up by his cross-examination and filing of the deposition could only be held to operate as a waiver of his appeal from the motion to strike out the judgment. *Clark v. Callahan,* 105 Md. 600, 611, 66 A. 618. This would be trifling with the purpose for which Courts of Justice are created. *Barabasz v. Kabat,* 91 Md. 53, 58, 46 A. 337.

In the case of *Henderson v. Gibson, supra,* 19 Md. 234, a judgment by default was stricken out after the lapse of the term. As one of the grounds for holding that the appellants had waived their right of appeal, the Court said at pages 238 and 239: "We think, further, that the appellants, by their pleadings and joinder of issue, subsequent to the order excepted to, waived their right to an appeal from that order. It cannot be supposed that the right of appeal was pending during the voluntary proceedings of the appellants in bringing the cause to issue and trial before the jury. Their acts, in thus pleading

and trying the case upon issues subsequently joined, were entirely inconsistent with the reservation of their right of appeal upon the order striking out the judgment by default, and for that reason they must be held to have abandoned it."

We must therefore conclude that the appellant by going to trial on the merits of the case without objection on his part, by cross-examining the defendant as to the merits of his defense, by filing a deposition of his own witness, and by his subsequent pleadings, has waived his right of appeal from the action of the Court in striking out the judgment by default in his favor, and is therefore estopped from taking this appeal. *Benson v. Borden,* 174 Md. 202, 220, 198 A. 419. Therefore the appeal will be dismissed.

*Appeal dismissed with costs to appellee, and case remanded for further proceedings.*