## ASSOCIATED TRANSPORT, Inc. *v.* BONOUMO
[No. 14, October Term, 1948.]

*Decided November 11, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*F. Gray Goudy,* with whom was *H. Beale Rollins* on the brief, for the appellant.

*Ward B. Coe, Jr.,* with whom were *Carman, Anderson & Barnes* on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

On September 29, 1945, appellant's tractor-trailer and appellee's automobile collided. Charles Harlan and his wife, passengers in appellee's car, were injured. Each sued appellant for damages for negligence. On July 10, 1947 appellant filed in each case, before pleading, a motion for leave to make appellee a third party defendant, and pursuant to an order granting leave, a third party complaint against appellee, alleging that the collision "was caused or contributed to" by negligence of appellee in the operation of his automobile, and that appellee "is or may be liable, solely or as a joint tortfeasor," to plaintiff, or to plaintiff and appellant, if appellant "should be held liable for all or part of plaintiff's claim," and prayed judgment against appellee, or in the alternative against appellee and appellant, "if the jury should find both liable for any sum" adjudged to be due plaintiff. The orders granting leave directed plaintiffs to amend their pleadings, so as to assert against appellee any claims which might have been asserted against him had he been joined originally as defendant. Plaintiffs did not amend their declarations. The third party complaints were filed under section 27 of the Uniform Contribution Among · Tortfeasors Act, Acts 1941, ch. 344, Acts of 1947, ch. 717, Code Supp. 1947, art. 50, § 27, now superseded by the rules of this court applicable only to cases instituted after January 1, 1948. *East Coast Freight Lines v. Mayor and City Council of Baltimore,* 190 Md. 256, 279-280, 58 A. 2d 290, 301.

Process against appellee, a resident of Philadelphia, was served, under the statute, Art. 66½, sec. 106, by service on the Secretary of State and notice by registered mail. Appellee mailed the papers received by him to one of plaintiff's lawyers, who was, or appellee thought or supposed was, also his lawyer. One of plaintiff's lawyers returned, or intended to return and thought he had re-

turned, the papers to appellee. Some one blundered, and on October 8, 1947 "judgment by default for want of a plea" was entered in each case in favor of appellant, third party plaintiff, against appellee, third party defendant. On December 3, 1947, appellee filed in each case a petition to strike out the judgment, and a show cause order was passed. After answer by appellant and hearing, including testimony, on December 24, 1947, an order was entered in each case by which the judgment by default was stricken out, with leave to appellee to plead, which he did forthwith. On February 16, 1948 on petitions of appellee, judgments of *non pros* against plaintiffs were entered, and a jury was sworn and trial of the cases begun. On February 18, 1948, verdicts were rendered in favor of the plaintiffs for $2500 and $600 respectively against appellant only and "in favor of the third party defendant," appellee. On February 24, 1948 judgments on the verdicts were made absolute against appellant, and for appellee for costs. On March 10, 1948 the judgments in favor of plaintiffs were entered "Agreed, Settled and Satisfied." Appellant says they were paid in full to plaintiffs.

On March 17, 1948 appeals were entered by appellant "from the judgment in favor of" appellee "and particularly with reference as to a ruling of Judge Smith of December 3, 1948 on petition of third party defendant to strike out judgment by default." Apparently appellant meant to refer, not to the show cause orders of December 3, 1947, but to the orders of December 24, 1947, striking out the judgments by default.

Ordinarily, an interlocutory order of ruling, *e.g.*, an order sustaining or overruling a demurrer, or a judgment by default (*Sharp v. Bates*, 102 Md. 344, 349, 62 A. 747), is not appealable, but when final judgment is rendered, such interlocutory orders or rulings may be reviewed on appeal from the final judgment. *Poe on Pactice,* Tiffany Edition, § 826. However, a judgment by default is as binding as any other judgment and establishes the liability of the defendant to the plaintiff for something,

though not the amount. *Poe, supra,* § 372; *Green v. Hamilton,* 16 Md. 317, 329, 77 Am. Dec. 295. If a third party judgment by default is in this respect like any other judgment by default, the judgment by default in the instant case would have been in effect final, so far as issues between appellant, as third party plaintiff, and appellee, as third party defendant, are concerned. Adjudication of issues between the original plaintiffs and appellant, as to liability and amount, would have left only the arithmetical detail of dividing the amount in half to determine the amount of appellee's liability to appellant. *East Coast Freight Lines v. Mayor and City Council of Baltimore, supra,* 190 Md. 256, 280, 281, 58 A. 2d 290, 301, 302.

Furthermore, ordinarily, the rule that a judgment when it has become enrolled (*i.e.,* after the term, or in Baltimore after thirty days) cannot properly be stricken out in the absence of fraud, surprise, deceit or irregularity, applies to judgments by default as to other judgments. *Armour Fertilizer Works v. Brown,* 185 Md. 273, 277, 44 A. 2d 753; *Poe, supra,* §§ 392, 393. From an order striking out a judgment by default (not made final by inquisition) a plaintiff "undoubtedly had a right of appeal." *Armour Fertilizer Works v. Brown, supra,* 185 Md. at page 278, 44 A. 2d at page 755; *Henderson v. Gibson,* 19 Md. 234, 238. An order refusing to strike out a judgment by default is always appealable. *Eddy v. Summers,* 183 Md. 683, 689, 39 A. 2d 812; *Poe, supra,* § 391. If, therefore, the ordinary rule were applied in the instant case, the order of December 24, 1947 was appealable, and the appeal taken on March 17, 1948 should be dismissed as too late. No error in the final judgment in favor of appellee on February 24, 1948 is alleged, except the alleged error in striking out the judgment by default on December 24, 1948.

A judgment by default, in favor of a third party plaintiff against a third party defendant, before any judgment in favor of the original plaintiff against the third party plaintiff, is, however, *sui generis.* The purpose of section

27 of the joint tortfeasors act is "to prevent a multiplicity of suits." *East Coast Freight Lines v. Mayor and City Council of Baltimore, supra,* 280. Ordinarily a right to contribution does not accrue before payment. *Williston on Contracts,* Revised Edition, §§ 345, 1278. The statute prevents multiplicity of suits by permitting, before judgment or payment, prosecution of the original action and the action for contribution together. It does not permit complete inversion of the former order of procedure by permitting a contingent judgment for contribution *before* judgment or trial in the original action. We think, therefore, that a "judgment by default" in a third party action for contribution cannot become enrolled, or beyond the discretionary powers of the court to strike it out, before judgment in the original action. As the judgment by default in the instant case was stricken out before trial of the original action, this action was therefore within the discretion of the trial court and is not appealable. *Poe, supra,* §§ 389, 391; *Silverberg v. Dearholt,* 180 Md. 38, 40, 41, 22 A. 2d 588.

*Appeals dismissed, with costs.*