ADELBURG *v.* STRYJEWSKI

[No. 192, October Term, 1951.]

*Decided June 13, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Barnett L. Silver,* with whom was *Harry Adelberg,* on the brief, for appellant.

*Arnold H. Ripperberger,* for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order striking out an enrolled or final judgment.

The appellant, plaintiff below, filed on June 22, 1951, a declaration under the common counts and a special count for eggs sold and delivered to the appellee, defendant below. Accompanying the declaration was a Motion for Summary Judgment, notice to the defendant to make a defense within the time allowed by law or rule of court, Affidavit in Support of Motion for Summary Judgment with vouchers attached, and affidavit of Non-Military Service. The docket entries show that the appellee was returned summoned by the sheriff. No plea having been filed by the appellee, summary judgment was entered and damages assessed for $950.70 and costs of suit on August 29, 1951.

On October 3, 1951, the appellee, by his attorney, appearing in court for the first time, filed a motion with affidavit to strike out the judgment for the following reasons: "First: That he is not indebted as alleged; Second: That the vouchers attached to the said Declaration are fraudulent; Third: That the accounts stated are untrue." No other reasons or facts were stated. On this motion, on the same day, October 3, 1951, the court ordered that the judgment be stricken out and the defendant therein be authorized to plead to the declaration filed therein, provided the plaintiff show cause on or before October 18, 1951, why this relief should not be granted. On October 9, 1951, the appellant filed an answer to the motion, denying fraud and setting

out, among other things, the fact that the defendant was summoned, failed to plead or interpose any defense and that the motion was filed more than thirty days after the entry of the summary judgment. On December 20, 1951, on the motion and answer and without taking any testimony and in the absence of the attorney for the appellee, the judgment was finally stricken out. On January 10, 1952, an appeal was entered to this Court, and on that day for the first time was filed by the appellee a plea, and an Affidavit of Defense. On appeal, this Court can review only the record before the lower court. *Union Trust Company of Maryland v. Harrisons' Nurseries, Inc.,* 180 Md. 651, 657, 26 A. 2d 812.

As the motion to strike out the judgment was not filed within thirty days of the date of the entry thereof, it had become enrolled. Rule 1 of Part Two, Section VI of the General Rules of Practice and Procedure, 1947 Supplement of the Code, page 2047. *Poe* on *Practice, Tiffany Edition,* Section 390, page 368.

It is a well known principle of law in this State that after a judgment is enrolled it is no longer within the breast of the court and cannot be properly stricken out, except upon allegation and proof of fraud, surprise, deceit or irregularity, and unless it appears that the party has acted in good faith and with ordinary diligence. The defendant must also show that he has a meritorious defense to the cause of action. By the lapse of the term (or the equivalent, thirty days) the plaintiff acquired a legal right to the binding operation and effect of his judgment. He cannot validly be deprived of this legal right except for some of the causes above set forth. If the court below strikes out the judgment, the plaintiff has a right to appeal, and the propriety of the order will be determined in this Court by the existence or not of the causes above set forth. *Poe, Tiffany Edition,* Section 390, pages 368, 369 *supra,* and cases there cited; *Eddy v. Summers,* 183 Md. 683, 39 A. 2d 812; *Armour Fertilizer Works v. Brown,* 185 Md. 273, 277, 44 A. 2d 753; *Associated Transport v. Bonoumo,* 191 Md. 442, 446, 62 A. 2d

281. In the instant case there is no proof of any of those essentials, as herein before stated, necessary to strike out this enrolled judgment. In fact there is no allegation of any of these essentials except that of fraud. There are no facts alleged to constitute that fraud, the allegation being merely "that the vouchers attached to the said declaration are fraudulent". There is merely a conclusion of the pleader. *Ragan v. Susquehanna Power Co.*, 157 Md. 521, 526, 527, 146 A. 758; *Billings v. Lippel,* 184 Md. 1, 10, 40 A. 2d 62; *Jenifer v. Kincaid,* 191 Md. 120, 131, 59 A. 2d 765; *Perlmutter v. Minskoff,* 196 Md. 99, 110, 75 A. 2d 129, 134.

Fraud in the proof of a case as a result of which an enrolled judgment is obtained is not necessarily sufficient reason to set it aside. It was said by this Court in *Maryland Steel Co. v. Marney,* 91 Md. 360, at page 373, 46 A. 1077, 1081: "And as there is nothing connected with the administration of justice of more importance than having some definite and fixed rules which must bring litigation to an end, Courts have always been reluctant to disturb judgments rendered in the due course of their proceedings, and have for the most part held that the mere fact that a judgment was obtained through the perjury of a witness is not sufficient to justify them in setting it aside." Also, in the instant case there is no showing why the defendant did not file a plea, or that he had acted in good faith and with ordinary diligence. The order striking out the judgment will be reversed.

*Order reversed, with costs.*