FREDERICK MOTOR SALES, INC. *v.* BALTIMORE AND OHIO RAILROAD COMPANY

[No. 154, October Term, 1952.]

*Decided June 12, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Marvin E. Rothbloom,* with whom were *Milton R. Rothstein* and *Marvin Mandel,* on the brief, for appellant.

*John S. Stanley* and *Roger A. Clapp,* with whom were *Hershey, Donaldson, Williams and Stanley,* on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Frederick Motor Sales, Inc., (Frederick Motors), appellant, from a judgment in ejectment entered in favor of the appellee, The Baltimore and Ohio Railroad Company, (B & O), against the appellant for possession of the premises in question and damages for its detention.

The appellee, on November 1, 1948, entered into what was designated as a "License and Agreement" with the appellant by which it leased certain premises in Baltimore for a rental of $75.00 per month, payable monthly in advance, which appellant agreed to pay. The License and Agreement, among other things, contained the following clause: "In the event of a breach of any of the covenants, terms and conditions of this license by Second Party the Railroad shall have the right to revoke said license immediately." On June 6, 1950, the appellee by registered mail notified the appellant that "on account

of non-payment of rental in accordance with terms of said agreement", it revoked and cancelled the agreement effective five days after receipt of the notice and required appellant to vacate said property prior to that date. At that time appellant was four months in arrears in rent for the months of March, April, May and June, 1950. Appellant, not having removed from the premises, B & O, on August 17, 1950, filed summary ejectment proceeding in the People's Court of Baltimore for nonpayment of rent under the provisions of Article 53, Sections 28, 29 and 30, 1939 and 1951 Codes. At the hearing of that case in the People's Court, Frederick Motors tendered the four months rent in arrears. B & O refused to accept the tender and nonprossed its suit.

On October 16, 1950, B & O filed in the Superior Court of Baltimore City a suit in ejectment against the appellant for possession of the premises and damages for its detention because of non-payment of rent. Accompanying the declaration was a motion for summary judgment and an affidavit setting out the facts. To that declaration appellant on June 7, 1951, filed the general issue plea and the following pleas based on equitable grounds: "2. For defense on equitabe grounds, the Defendant alleges that the plaintiff prior to the institution of this action through one of its employees, had assured the Defendant that no action would be taken because of the failure of the Defendant to pay his rent promptly and when due, and Defendant relied on the good faith of the Plaintiff. 3. For defense on equitable grounds, the Defendant alleges that the Plaintiff filed an action in ejectment in the Peoples' Court of Baltimore City, Case No. B-360166, and at the time of the hearing of said action, the Defendant tendered payment of the rent to the Plaintiff in accordance with Article 53, Sections 28 and 29 of the Maryland Code, and the Plaintiff refused said tender." A demurrer was sustained to the third plea and interrogatories were filed by the plaintiff to the second plea asking the date; place; name of employees of the plaintiff referred to; if names of em-

ployees were not known a description of said employees; whether the assurance alleged in defendant's second plea was oral or in writing; if oral, "state as accurately as possible exact words alleged to have been spoken by the plaintiff's said employee." An answer was filed to the interrogatories on July 25, 1951, stating date unknown; place of business, Charles and Baltimore Streets and also over the telephone; name of employees unknown, but employed in the rental collection department of B & O and to the best of defendant's knowledge the name of the employee was either Callahan or Gallagher; assurance was oral; defendant not certain of the exact words, but as accurately as possible the following words were used "Pay your back rent up as well as you possibly can, and we'll go along with you, and no action will be taken to remove you from the premises." On November 9, 1951, appellee's motion for summary judgment was denied and issues limited to the second plea and further limited to answers filed to the interrogatories. The case proceeded to trial on October 21, 1952, and on instructions from the trial court on October 22, 1952, a judgment was entered for the appellee. From that judgment appellant appeals.

Appellant contends that the lower court erred in striking out its third plea and in limiting the second plea to the answers given by it in the interrogatories. It specifically contends that the trial court erred in not admitting in evidence the following testimony, set out in this paragraph, offered by the appellant. Mr. Henry Oberfeld, President of appellant corporation, would testify that Mr. Kennedy, real estate agent for appellee, at the time of the execution of the lease on November 1, 1948, told him as to the arrearages in the rent "Go on and do as best you can and we will go along with you." In June or July, 1949, Mr. Kennedy told him the B & O would take no action because of the arrearages of rent and that appellant could pay the arrearages when possible. In September, 1949, a letter was sent by B & O asking that appellant make some effort to pay the

arrearages. Mr. Henry Oberfeld then called B & O for the purpose of speaking to Mr. Kennedy and upon being informed that he was not in, was then referred to someone in the real estate department who he thought was either a Mr. Callahan or a Mr. Gallagher. He explained the condition of his business and was told to make payments as best he could and to catch up on the arrearages as best he could. Mr. Walter Oberfeld, the son of Mr. Henry Oberfeld, would testify that in February, 1950, he had a conversation with a Mr. Callahan or a Mr. Gallagher or a Mr. Katt in the B & O building and they issued to him a receipt for two months rent for November and December, 1949, and assured him that no action would be taken to evict the appellant in this case from the premises because of arrearages in rent. The trial judge held this proffered testimony inadmissible for the reason that, in the answer to the interrogatories, the appellant stated the failure to pay rent promptly was waived by an employee by the name of either Callahan, Gallagher or Katt and appellant was unable at the trial to state just who gave the waiver or to show the authority of such employee to so waive the rent. *McFarland v. Farm Bureau Mutual Automobile Ins. Co.*, 201 Md. 241, 93 A. 2d 551.

As to the appellant's contention that the trial court erred in failing to recognize the proffer of rent made in the People's Court and thereby sustained the demurrer to its third plea, the short answer to that contention is the admission by the appellant in this Court that at the time of the hearing in the Superior Court, appellant was further behind in rent than at the time of the hearing in the People's Court and no tender was made in the Superior Court. It having been stipulated that, if the appellee prevailed, a verdict and judgment thereon should be entered in favor of the appellee for the property and for damages in the amount of $2,400.00, appellant must have been much more than six months in arrears in rent at that time. In fact, from the stipulation it appears that no rent had been paid by the appellant

since February, 1950. Therefore any tender of rent in the People's Court was not a tender of the rent due at the time the judgment, appealed from, was entered and therefore the appellant was further in default at that time. The appellant seems to argue that having made a tender in the People's Court it was excused from making subsequent tenders. Even assuming that when he made tender in the People's Court it stayed the summary proceeding there, it could not in the absence of agreement affect its obligation to pay further rent as it accrued.

Assuming, without deciding, that the proffered testi-. mony should have been admitted, there was no testimony offered that after June 6, 1950, when the lease was cancelled by the appellee for non-payment of rent, the appellee. ever waived or promised to waive arrearages in rent or current rent. The lease contained the following clause: "The failure or neglect of Railroad to act upon a breach of one or more of the covenants, terms and conditions of this lease shall not be construed as a waiver of such breach or any subsequent breach or of any right created thereby." Waiver implies the abandonment of some right which can be exercised or the renouncement of some benefit or advantage which, except for such waiver, the party relinquishing would have enjoyed. It may be found to exist if one acts in such a way that one's conduct implies that one has waived one's right. *Dague v. Grand Lodge,* 111 Md. 95, 103, 73 A. 735; *Wright v. Wagner,* 182 Md. 483, 491, 34 A. 2d 441; *Armour Fert. Works v. Brown,* 185 Md. 273, 278, 44 A. 2d 753; *Crane Co. v. Onley,* 194 Md. 43, 49, 69 A. 2d 903. There was no testimony offered that the rent was currently paid after June 6, 1950, or was in any manner waived or attempted to be waived by the appellee after that date or that any waiver was attempted to have been given as to future rent, the proffered waivers being all confined to "arrearages". Even if the proffered testimony had been admitted it would have been no defense to admitted future: defaults in rent by the appellant after

notice to vacate on June 6, 1950. We are of opinion that the trial judge was correct in directing a verdict for the appellee.

*Judgment affirmed, with costs.*